IN THE MATTER OF PHILLIP WHARTON, JUVENILE

No. 8118DC465

(Filed 3 November 1981)

1. **Appeal and Error § 7; Infants § 21— juvenile court order—requirement that county pay portion of juvenile's attorney fees—no right by county to appeal—exercise of supervisory jurisdiction by appellate court**

Guilford County did not have the right to appeal from an order entered by the district court in a juvenile delinquency proceeding directing the county to pay a portion of the juvenile's counsel fees since (1) the county was not a party to the juvenile proceeding, and (2) G.S. 7A-667 did not empower a county to take an appeal in a juvenile proceeding. However, the Court of Appeals will review the district court's order pursuant to its supervisory powers under Art. IV, § 12(1) of the North Carolina Constitution.

**2. Infants § 14— counsel fees of juvenile—order requiring payment by county**

   The district court had no authority under G.S. 7A-646 and G.S. 7A-647 to
require Guilford County to pay a portion of the fees of counsel appointed to
represent a juvenile, since fees of assigned counsel for indigent juveniles is the
responsibility of the State. G.S. 7A-588; G.S. 7A-1452(b).

APPEAL by Guilford County from *Pfaff, Judge.* Order filed 3
November 1980 in District Court, GUILFORD County. Heard in the
Court of Appeals 20 October 1981.

On 18 June 1980, a petition was filed alleging that Phillip
Wharton was a delinquent. Counsel was appointed for the
juvenile. Based upon medical examinations of Phillip, the court
found that he was incompetent to stand trial upon the various
criminal charges pending against him. Phillip was placed in the
custody of the Guilford County Department of Social Services.
After several hearings, a dispositional order was entered. The
order was dated 27 August 1980 and was based upon a hearing
held on 22 August 1980. The 27 August 1980 order found Phillip
in need of medical, psychiatric and other care; placed him in the
custody of the Guilford County Department of Social Services;
and ordered that he be transferred for treatment to the Mandala
Center in Winston-Salem for a period of no more than six weeks.
The court also ordered:

   [T]hat the Guilford County Department of Social Services
   shall in conjunction with the Mental Health, Mental Retarda-
   tion and Substance Abuse Authority implement the creation
   of a foster home to be found by the County in which ap-
   propriate staff are placed and the juvenile and other
   juveniles like him could be permanently domiciled for pro-
   gram treatment and delivery of services. The agencies are to
   initiate a coordinated effort with the higher education
   facilities in the Greensboro community in order to pursue a
   source of staffing. Graduate or other special education
   students should be considered to be hired on an independent
   contracting basis in which they are allowed to reside in the
   foster home, receive room and board, and gain credit hours
   for directed individual studies and behavioral management in
   the home environment and supervision of said juvenile. The
   students should be under the supervision and guidance of the
   directors of the different college level programs and under

the direction and supervision of the Department of Social Services through its regulations dealing with foster home parents and special retardation service programming.

No objections or exceptions were entered to this order. Notice of appeal was not given to this order.

On 12 September 1980, the court entered an order requiring "that Guilford County shall pay all reasonable costs and the itemized fees of A. Frank Johns [appointed attorney for the juvenile] in this case not paid for by the Administrative Office of the Courts. The hourly rate for compensation shall be Fifty and no/100 ($50.00) Dollars per hour." From this order, Guilford County entered notice of appeal on 22 September 1980.

Thereafter, a hearing was held concerning the implementation of the 27 August 1980 order. In an order dated 23 October 1980 and filed 3 November 1980, Judge Pfaff found Frank W. Wilson, Director of the Department of Social Services of Guilford County, in contempt of court for failing to comply with the court's order of "August 22 [sic], 1980." The order required Wilson to pay a fine of $500. The record on appeal then includes the following: "Notice of Appeal to the entry of the order of October 23 was orally given in open Court."

Guilford County secured an agreed extension of time to prepare and file "its record on appeal." Guilford County and its director of the Department of Social Services petitioned this Court for a writ of supersedeas, which was allowed 12 December 1980. Guilford County secured from this Court an extension of time within which to file its record on appeal.

A brief was filed by Guilford County, and Mr. Johns filed a brief on behalf of the juvenile as appellee.

*Margaret A. Dudley, Deputy Guilford County Attorney, for appellant.*

*Booth, Harrington, Johns & Campbell, by A. Frank Johns, for appellee.*

MARTIN (Harry C.), Judge.

[1] This appeal is subject to dismissal. Our Supreme Court has recently stated the law with respect to the right of a county to

take an appeal in a juvenile proceeding. *In re Brownlee,* 301 N.C. 532, 272 S.E. 2d 861 (1981). Here, as in *Brownlee,* the county is not a party to the proceeding. Although the Guilford County Department of Social Services was before the trial court, Guilford County was not. "One who is not a party to an action or who is not privy to the record is not entitled to appeal from the judgment of a lower court." *Id.* at 546, 272 S.E. 2d at 869. *See* N.C. Gen. Stat. § 1-271 (1969). As stated in *Brownlee,* even if Guilford County were a party, it would not have a *right* of appeal. N.C. Gen. Stat. § 7A-667 (Supp. 1979). The county is not a "county agency" within the meaning of the statute. *Brownlee, supra.*

We hold that Guilford County did not have the right to appeal from the challenged orders. A close reading of the record on appeal discloses that Frank W. Wilson did not enter notice of appeal or seek appellate review of the court's order of contempt filed 3 November 1980. Moreover, no brief was filed by him or on his behalf.

Nevertheless, this Court is authorized to exercise its power under our constitution and review questions which are not presented in accordance with the North Carolina Rules of Appellate Procedure. N.C. Const. art. IV, § 12(1); *Brownlee, supra.* We therefore elect, in our discretion, to treat the papers filed before us as a motion requesting the Court to exercise its constitutional powers to enable it to review the order of the trial court, dated 12 September 1980, requiring Guilford County to pay a part of the counsel fees for the juvenile's appointed attorney. We allow the motion for the sole purpose of reviewing the order of 12 September 1980.

[2] The trial court based its order of 12 September 1980 upon N.C.G.S. 7A-646 and -647. In this, the trial court erred. N.C.G.S. 7A-647 allows the judge to charge the county with the "cost of care" of a juvenile if the parent is unable to pay such cost. "Cost of care" does not include counsel fees for the juvenile. Counsel fees for the juvenile are governed by N.C.G.S. 7A-588. Under this section, counsel are to be paid reasonable fees in the same manner as fees for attorneys appointed in cases of indigency. Article 36 of chapter 7A sets out the procedures for payment of such counsel fees. Juvenile proceedings are specifically included in section 451(a)(8) of article 36. Fees of assigned counsel for indigents,

including indigent juveniles, shall be borne by the state. N.C. Gen. Stat. § 7A-452(b) (1969).

The trial court was without authority to enter the order of 12 September 1980 requiring Guilford County to pay part of the counsel fees for the juvenile, Phillip Wharton, and the order is hereby vacated.

Except as to the review of the order of 12 September 1980, the appeal is dismissed.

Order of 12 September 1980 vacated and appeal dismissed. Costs of appeal are to be paid by Guilford County.

Judges HEDRICK and CLARK concur.