STATE v. SNEED

[112 N.C. App. 361 (1993)]

---

IN THE MATTER OF: ORDER OF FORFEITURE OF $5480 SEIZED FROM RICHARD SNEED, JR. (THE JUDGMENT OF RECORD REFLECTS THE PROPER CAPTION AS: STATE OF NORTH CAROLINA v. RICHARD SNEED, JR.)

No. 922SC1129

(Filed 19 October 1993)

**Appeal and Error § 68 (NCI4th)— cash seized in drug arrest— garnishment by Department of Revenue—standing of Department to appeal**

The Department of Revenue lacked standing to appeal from a judgment of imprisonment for possession of cocaine with intent to sell and deliver and possession of drug paraphernalia which included an order that cash seized during the arrest be forfeited and delivered to the School Board of Beaufort County. Since the Department of Revenue is not a party to

STATE v. SNEED

[112 N.C. App. 361 (1993)]

the underlying criminal action, it had no right to appeal a forfeiture order contained in the judgment in the criminal action. N.C.G.S. § 1-271.

**Am Jur 2d, Appeal and Error § 173.**

Appeal by the State of North Carolina, Department of Revenue, from a judgment entered in Beaufort County Superior Court by Judge W. Russell Duke, ordering, *inter alia*, forfeiture and delivery of $5,480.00 to the School Board of Beaufort County. Heard in the Court of Appeals 6 October 1993.

On 6 February 1992, Richard Sneed, Jr. was arrested on charges of possession with intent to sell and deliver cocaine and possession of drug paraphernalia. At the time of the arrest, the arresting officers found $5,480.00 in Mr. Sneed's possession. On that same day, the Department of Revenue served on Mr. Sneed a Notice of Tax Assessment of $8,030.00 and filed a certificate of tax liability with the Clerk of the Superior Court of Beaufort County. The Department of Revenue also served D.G. Crouch, one of the arresting officers, with a notice of garnishment in the amount of $8,030.00.

Mr. Sneed pled guilty to possession with intent to sell and deliver cocaine and possession of drug paraphernalia. The trial court sentenced Mr. Sneed to ten years imprisonment and, as part of that judgment, ordered the $5,480.00 seized from Mr. Sneed to be forfeited and delivered to the School Board of Beaufort County. The Department of Revenue filed notice of appeal from that judgment on 25 August 1992.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Christopher E. Allen, for appellant State of North Carolina.*

*Lee E. Knott, Jr. for appellee Beaufort County Board of Education.*

WELLS, Judge.

The Beaufort County School Board contends that the Department of Revenue lacks standing to appeal from the judgment entered by the trial court. We agree.

Section 1-271 of the North Carolina General Statutes provides: "Any party aggrieved may appeal in the cases prescribed in this Chapter." According to our Supreme Court, "[o]ne who is not a party to an action or who is not privy to the record is not entitled to appeal from the judgment of the lower court." *In re Brownlee*, 301 N.C. 532, 272 S.E.2d 861 (1981).

In *Brownlee*, Wake County attempted to appeal an order entered by the district court in a juvenile proceeding directing the county to pay for the juvenile's treatment. Our Supreme Court held that because Wake County was not a party to the juvenile proceeding it did not have a right to appeal.

The case *sub judice* is a criminal action involving the possession of controlled substances, and, as in *Brownlee*, it is clear in this case that the governmental agency attempting to appeal, the Department of Revenue, is not a party to the judgment ordering the forfeiture of $5,480.00. Since the Department of Revenue is not a party to the underlying criminal action, it had no right to appeal a forfeiture order contained in the judgment in this criminal action. *Id.; In re Wharton*, 54 N.C. App. 447, 283 S.E.2d 528 (1981), *rev'd in part on other grounds*, 305 N.C. 565, 290 S.E.2d 688 (1982). Therefore, the appeal must be dismissed.

We note that, in filing the record on appeal, the attorney for the Department of Revenue made an unauthorized change in the caption of this case in violation of the Rules of Appellate Procedure.

Rule 26(g) of the North Carolina Rules of Appellate Procedure provides that "[t]he format of all papers presented for filing shall follow the instructions found in the Appendixes to these Appellate Rules," and Appendix B provides that "[t]he caption should reflect the title to the action (all parties named) as it appeared in the trial division."

The judgment and commitment ordering the forfeiture is entitled "State of North Carolina v. Richard Sneed, Jr., aka Richard Snead, Jr." and bears the docket number 92CRS761;830. Consequently, this case was incorrectly titled "In the Matter of: Order of Forfeiture of $5480 Seized from Richard Sneed, Jr." The proper caption is "State of North Carolina v. Richard Sneed, Jr., and the proper docket number is 92CRS761. Our opinion will reflect this correction.

**STATE v. SNEED**

[112 N.C. App. 361 (1993)]

For the reasons stated, this appeal is

Dismissed.

Judges LEWIS and MARTIN concur.