FIRST UNION NATIONAL BANK OF NORTH CAROLINA, PLAINTIFF v. FAY L. NAYLOR, CROSS PLAINTIFF v. JOEL LYNN GOODMAN, CROSS DEFENDANT

No. 9019DC894

(Filed 7 May 1991)

**1. Divorce and Separation § 37 (NCI4th) — separation agreement — breach of contract claim — bankruptcy discharge**

In an action arising from the failure of the third-party defendant (husband) to pay a marital debt pursuant to a separation agreement, the wife's breach of contract claim against the husband survived the husband's bankruptcy discharge where the husband did not list the wife as a creditor and there

FIRST UNION NAT. BANK v. NAYLOR

[102 N.C. App. 719 (1991)]

is no evidence in the record to show that she had notice or actual knowledge of his bankruptcy petition.

**Am Jur 2d, Bankruptcy § 3120.**

**2. Contracts § 91 (NCI4th) — separation agreement — bankruptcy — anticipatory breach of contract**

Summary judgment for the wife was proper in an indemnity action arising from the husband's failure to pay a marital debt and subsequent bankruptcy where the wife's duty to pay in full a note to the husband was a condition precedent to the husband's duty to assume debts and indemnify the wife, but the wife was relieved of her duty because the husband's bankruptcy discharge amounted to an anticipatory breach of contract.

**Am Jur 2d, Contracts §§ 686, 733.**

**3. Contracts § 168 (NCI4th) — breach of separation agreement — indemnity action — calculation of damages**

The trial court's order was remanded for recalculation of damages where the wife brought an indemnity action against the husband arising from his failure to pay a marital debt pursuant to a separation agreement and his subsequent discharge in bankruptcy, the bank obtained a judgment against the wife, the wife brought an action against the husband, the court granted summary judgment for the wife, and the husband was ordered to pay the wife the amount awarded to the bank. The court did not take into account the amount the wife would save because she was no longer required to perform her obligations under the separation agreement.

**Am Jur 2d, Damages §§ 43 et seq.**

APPEAL by cross-defendant Goodman from order and judgment entered 12 June 1990 in DAVIE County District Court by *Judge Robert W. Johnson.* Heard in the Court of Appeals 20 February 1991.

*Carlyle Sherrill for cross plaintiff-appellee.*

*Woodson, Linn, Sayers, Lawther, Short & Wagoner, by Donald D. Sayers, for cross defendant-appellant.*

FIRST UNION NAT. BANK v. NAYLOR

[102 N.C. App. 719 (1991)]

GREENE, Judge.

The third party defendant, Joel Goodman (Husband), appeals the trial court's order of summary judgment in favor of the third party plaintiff, Fay Naylor (Wife).

Viewed in the light most favorable to the Husband, the evidence tends to show the following: On 29 August 1985, while married, the Wife and Husband entered into a separation agreement. The pertinent part of that agreement reads as follows:

> In consideration of the Husband's assumption of all of the secured debt referred to hereinabove, Wife has agreed to execute and pay in full a note to Husband in her own name in the principal sum of $16,100.00, payable in 60 equal monthly installments . . . . Upon the said note . . . being paid in full to Husband . . . Husband agrees to assume and pay all of the remaining secured and unsecured indebtedness of the parties . . . and will indemnify and save Wife harmless from any obligation therefor. Should Wife fail to pay said note . . . in full, then this assumption and indemnification by Husband shall be null and void.

The Wife was also required to join in the execution of necessary documents whenever the Husband decided to refinance any of the parties' debts and was required "to keep in force a policy of life insurance with Husband as beneficiary in an amount equal to the balance owing on said note during its entire term." The parties modified this agreement on 30 May 1986 to lower the monthly payments due the Husband by the Wife.

One of the parties' mutual, unsecured debts which the Husband had agreed to assume was a debt to First Union National Bank (Bank). In late 1986 and early 1987, the Wife began receiving letters from the Bank which stated that she was behind in her payments on the debt. Pursuant to the separation agreement, the Wife continued making monthly payments of $275.00 to the Husband until June of 1988, the time when she learned that the Husband had filed bankruptcy under Chapter 7 on 24 June 1987 and subsequently had received a discharge with regard to the Bank debt.

On 6 July 1989, the Bank filed suit against the Wife seeking an award representing the amount of the outstanding debt, interest, court costs, and attorney fees. The Wife answered and filed a cross-claim against the Husband seeking to have the Husband in-

demnify the Wife for the amount, if any, awarded to the Bank as against the Wife. The Husband answered the cross-claim alleging that the Wife had breached their separation agreement and that the Husband's discharge prohibited the Wife's cross-claim. On 1 February 1990, the Bank filed a motion for summary judgment against the Wife. The trial court granted the Bank's motion on 14 March 1990 and ordered the Wife to pay the debt, interest, court costs, and attorney fees. The Wife has not appealed this order.

On 4 October 1989 and on 23 March 1990, the Husband and the Wife, respectively, filed motions for summary judgment. On 12 June 1990, the trial court entered its order granting the Wife's motion and denying the Husband's motion. The amount of the award equalled the amount awarded the Bank under the 14 March 1990 order.

---

The issues presented are (I) whether the Husband's discharge in bankruptcy relieves him of any obligation on the Wife's breach of contract claim; (II) whether the Husband's adjudication of bankruptcy constitutes a breach of contract; and (III) whether in awarding damages for breach of contract, consideration must be given to the expenses saved by the non-breaching party as a consequence of the breach.

I

[1] "Pursuant to 11 U.S.C. § 727(a), a Chapter 7 debtor who complies with the Bankruptcy Code requirements receives a discharge of all pre-petition debts . . . ." *In re McCauley*, 105 B.R. 315, 318 (E.D. Va. 1989). Therefore, if the Husband had complied with the applicable requirements of the Bankruptcy Code, he would have been entitled to a discharge on the Wife's breach of contract claim. Of course, if the Wife's contractual rights were in the nature of alimony, maintenance, or support, an issue which we need not decide, the rights would not be dischargeable. *See Long v. Long*, 102 N.C. App. 18, 24, 401 S.E.2d 401, 404 (1991). Furthermore, we need not address any argument concerning the dischargeability of equitable distribution claims. *See In re Sanderfoot*, 899 F.2d 598 (7th Cir.), *cert. granted*, --- U.S. ---, 112 L.Ed.2d 519 (1990); *Perlow v. Perlow*, No. 90-583 Civ. 5 BR (E.D.N.C. filed April 17, 1991). However, the Husband did not comply with 11 U.S.C.S. § 521(1) (Law. Co-op. 1986) which requires, among other things,

**FIRST UNION NAT. BANK v. NAYLOR**

[102 N.C. App. 719 (1991)]

the debtor to list his creditors. Assuming that the Wife is a creditor, the Husband's failure to list her as a creditor triggers an exception to discharge, 11 U.S.C.S. § 523(a)(3)(A) (Law. Co-op. 1986), which provides in pertinent part that

> [a] discharge under section 727 . . . does not discharge an individual debtor from any debt . . . neither listed nor scheduled under section 521(1) . . . with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit . . . timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing. . . .

Here, the Husband did not list the Wife as a creditor, and there is no evidence in the record to show that she had notice or actual knowledge of the Husband's bankruptcy petition. Therefore, she was unable to protect her unsecured claim by filing a timely proof of claim. *See* Bankr. R. 3002(c)(4) (Law. Co-op. Supp. 1990) (time for filing claim arising from rejection of executory contract). Accordingly, the Wife's breach of contract claim survived the Husband's bankruptcy discharge, and the Wife was entitled to proceed with her breach of contract action outside of bankruptcy.

## II

[2] "A condition precedent is an act or event, other than a lapse of time, which [unless excused] must exist or occur before a duty to perform a promised performance arises." J. Calamari & J. Perillo, The Law of Contracts § 11-5 (3d ed. 1987); *see also Craftique, Inc. v. Stevens and Co.*, 321 N.C. 564, 566, 364 S.E.2d 129, 131 (1988); Restatement of Contracts § 250(a) (1932). "Conditions precedent are not favored by the law. . . . Absent plain language, a contract ordinarily will not be construed as containing a condition precedent. . . . The use of language such as 'when,' 'after,' and 'as soon as' clearly indicates that a promise will not be performed except upon the happening of a stated event, i.e., a condition precedent." *Craftique*, 321 N.C. at 566-67, 364 S.E.2d at 131 (citations omitted). Here, the contractual language "[u]pon the said note . . . being paid in full" indicates in plain language a condition precedent. Therefore, the Wife's duty to pay the note in full to the Husband was a condition precedent to the Husband's duty to assume the debts and indemnify the Wife. The Husband argues that because the Wife did not pay in full the promissory note to the Husband, his duty to assume the marital debts and in-

demnify the Wife never arose. The Wife argues that she was relieved of her contractual duty to pay the note in full once the Husband was discharged in bankruptcy because the discharge amounted to an anticipatory breach of contract.

"The doctrine of anticipatory breach is well known: when a party to a contract gives notice that he will not honor the contract, the other party to the contract is no longer required to make a tender or otherwise perform under the contract because of the anticipatory breach of the first party." *Dixon v. Kinser and Kinser v. Dixon*, 54 N.C. App. 94, 101, 282 S.E.2d 529, 534 (1981), *disc. rev. denied*, 304 N.C. 725, 288 S.E.2d 805 (1982). Because "the law does not require the doing of vain things," a non-breaching party is relieved of his obligation of performing conditions precedent when faced with an anticipatory repudiation. *Pee Dee Oil Co. v. Quality Oil Co.*, 80 N.C. App. 219, 223, 341 S.E.2d 113, 116, *disc. rev. denied*, 317 N.C. 706, 347 S.E.2d 438 (1986). "It is enough that plaintiff's evidence tends to show that . . . [the plaintiff] could have performed the contract if defendant had not repudiated it; . . . [the plaintiff is] not required to show that . . . [the plaintiff] had performed." *Id.; see also* Restatement (Second) of Contracts § 254(1) comment a (1979) (duty to pay damages discharged where it appears that injured party would have totally failed to perform).

As a general rule, "proceedings, whether voluntary or involuntary, resulting in an adjudication of bankruptcy, are the equivalent of an anticipatory breach of an executory agreement . . . . *Central Trust Co. v. Chicago Auditorium Ass'n*, 240 U.S. 581, 592, 60 L.Ed. 811, 816 (1916); *see also* 6 S. Williston, A Treatise on the Law of Contracts § 880 (3d ed. 1962) (party to a contract who is bankrupt probably will be unable to carry it out); 17A Am. Jur. 2d *Contracts* § 743 (1991) (general rule). "[I]t must be deemed an implied term of every contract that the promisor will not permit himself, through . . . acts of bankruptcy, to be disabled from making performance . . . ." *Central Trust*, 240 U.S. at 591, 60 L.Ed. at 815; *see also* 17A Am. Jur. 2d *Contracts* § 743. Here, because the Husband received a discharge in bankruptcy, he anticipatorily breached his contract with the Wife. Having continued to make payments due under the note for a year after the Husband filed his petition in bankruptcy, the Wife's uncontroverted evidence tends to show that she could have performed her duty under the contract had the Husband not committed a breach of contract. Accordingly, the Wife was relieved of her duty to pay in full the note to the Husband.

There being no genuine issue of material fact regarding the Husband's breach, summary judgment for the Wife was proper.

## III

[3] The trial court, having granted the Wife's summary judgment motion, ordered the Husband to pay damages equal to the amount awarded the Bank in its suit against the Wife. Because the trial court did not apply the proper breach of contract damages formula, we vacate and remand its order.

"For a breach of contract the injured party is entitled as compensation therefor to be placed, insofar as this can be done by money, in the same position he would have occupied if the contract had been performed." *Perfecting Serv. Co. v. Product Dev. & Sales Co.*, 259 N.C. 400, 415, 131 S.E.2d 9, 21 (1963). The interest being protected by this general rule is the non-breaching party's "expectation interest," and in so doing, the injured party receives the "benefit of the bargain." Restatement (Second) of Contracts § 344(a) comment a (1979).

> Subject to [various] limitations . . . [such as rules on avoidability, foreseeability, and certainty of damages], the injured party has a right to damages based on his expectation interest as measured by
>
> (a) the loss in the value to him of the other party's performance caused by its failure or deficiency, plus
>
> (b) any other loss, including incidental or consequential loss, caused by the breach, less
>
> (c) any cost or other loss that he has avoided by not having to perform.

Restatement (Second) of Contracts § 347 (1979); *Ward v. Zabady*, 85 N.C. App. 130, 135, 354 S.E.2d 369, 373, *disc. rev. denied*, 320 N.C. 177, 358 S.E.2d 71 (1987) (plaintiff may only recover actual losses in breach of contract action).

In merely ordering the Husband to pay the Wife the amount awarded the Bank in its suit against the Wife, the trial court failed to take into consideration the amount, if any, the Wife will save in consequence of the Husband's breach of their contract. Because of the Husband's breach, the Wife is no longer required to perform her obligations under the contract. *See Millis Constr.*

*Co. v. Fairfield Sapphire Valley, Inc.*, 86 N.C. App. 506, 510, 358 S.E.2d 566, 569 (1987) (anticipatory breach discharges non-breaching party's remaining duties to perform); *Pee Dee*, 80 N.C. App. at 223, 341 S.E.2d at 116. On remand, damages must be established by taking into consideration the contractual obligations the Wife has avoided as a consequence of the Husband's breach.

We have reviewed the Husband's remaining argument and find it to be without merit. Accordingly, the trial court's order of summary judgment is

Affirmed in part, vacated in part, and remanded.

Judges WELLS and WYNN concur.