## CATO v. CATO

[118 N.C. App. 569 (1995)]

NANCY JOAN CATO, Plaintiff-Appellee v. TONY LEE CATO, Defendant-Appellant

No. 9420DC467

(Filed 18 April 1995)

**Divorce and Separation § 37 (NCI4th); Bankruptcy and Insolvency § 12 (NCI4th)— separation agreement—defendant's obligation to pay joint debt—bankruptcy petition—knowledge by plaintiff**

An action seeking specific performance by defendant of his obligation under a separation and property settlement agreement to pay two joint debts is remanded for findings as to when plaintiff learned of defendant's bankruptcy petition and a determination as to whether defendant's debt to plaintiff had been discharged where defendant filed for bankruptcy in October 1992 and the bankruptcy court granted his discharge in February 1993; defendant scheduled the debts in the bankruptcy action but did not list plaintiff as a creditor; the trial court found that plaintiff learned of the bankruptcy action when defendant called plaintiff to tell her the debts had been discharged and there was nothing she could do about it "either on December 7, 1992 or February 25, 1993"; if plaintiff learned of the bankruptcy action on 7 December 1992, she had a duty to inquire further and had ample time to file a claim and protect her interests; but if plaintiff learned of the bankruptcy action on 25 February 1993, she did not have ample time to file a proof of claim and defendant's obligation to her under their separation agreement was not discharged.

**Am Jur 2d, Divorce and Separation §§ 856 et seq.**

Appeal by defendant from order entered 7 February 1994 by Judge Michael E. Beale in Union County District Court. Heard in the Court of Appeals 25 January 1995.

Plaintiff and defendant married in October of 1988 and separated in March of 1992. Upon separation they entered into a Separation Agreement and Property Settlement (Agreement) that distributed all property and debts between them. Pursuant to the Agreement, defendant assumed responsibility for payment of a $6,500.00 joint debt to First Citizens and a $4,700.00 joint debt to Citicorp. In October of 1992, however, he filed for bankruptcy under Chapter 7. Defendant scheduled the First Citizens and Citicorp debts and listed plaintiff as a non-filing co-debtor. In February of 1993, the bankruptcy

court granted his discharge. Afterwards, defendant refused to pay the First Citizens and Citicorp debts pursuant to the Agreement.

Plaintiff filed this action seeking, among other things, an order directing defendant to perform his debt obligations under the Agreement. The trial court found defendant had not listed plaintiff as a creditor in his bankruptcy schedules, that she did not receive notice from the bankruptcy court concerning his petition, and that she did not file a claim before the 3 March 1993 deadline. The court also found that plaintiff had neither timely notice nor actual knowledge of the bankruptcy and that defendant's debt to her had not been discharged. The trial court granted plaintiff specific performance of the debt obligations created in the Agreement. From this order, defendant appeals.

*Weaver, Bennett & Bland, P.A., by Bill G. Whittaker, for defendant appellant.*

*W. David McSheehan for plaintiff appellee.*

ARNOLD, Chief Judge.

At the outset, we note that in filing the record on appeal defendant made an unauthorized change in the caption of this case in violation of our appellate rules. *State v. Sneed*, 112 N.C. App. 361, 435 S.E.2d 579 (1993). "Rule 26(g) . . . provides that '[t]he format of all papers presented for filing shall follow the instructions found in the Appendixes to these Appellate Rules,' and Appendix B provides that '[t]he caption should reflect the title to the action (all parties named) as it appeared in the trial division.'" *Id.* at 363, 435 S.E.2d at 580 (quoting N.C.R. App. P. 26(g) and Appendix B). Our opinion reflects the caption as it appeared in the trial division.

Defendant contends the trial court committed reversible error in granting plaintiff's motion for specific performance. Specifically, he argues the court erred in finding that she did not have sufficient notice with which to protect her interest in the bankruptcy action. He admits he failed to list her as a creditor, but contends she had actual knowledge of the bankruptcy in time to file a proof of claim and protect her rights. Plaintiff contends she did not receive notice of the action as either a co-debtor or a creditor. Moreover, she contends she did not have notice of the bankruptcy action itself until appellant called to tell her the debt had been discharged and there was nothing she could do about it.

## CATO v. CATO

[118 N.C. App. 569 (1995)]

The Bankruptcy Code requires that each debtor file a list of creditors with the court. 11 U.S.C. § 521(1) (1993). Compliance with this and other requirements of the Code is necessary for a debtor to receive a discharge of all prepetition debts. *First Union Nat. Bank v. Naylor,* 102 N.C. App. 719, 404 S.E.2d 161 (1991) (holding debtor not discharged from obligation under separation agreement where he neglected to list wife as creditor and she had no notice or actual knowledge of the petition in time to protect her claim). "A discharge under section 727 . . . does not discharge an individual debtor from any debt" that was not listed with the name of the creditor in sufficient time to allow "timely filing of a proof of claim, *unless such creditor had notice or actual knowledge of the case in time for such timely filing.*" 11 U.S. C. § 523(a)(3)(A) (1993) (emphasis added). Actual knowledge means "nothing less than that the creditor must have literally read or heard of the fact that the bankruptcy had been filed." 2 Cowans, Cowans Bankruptcy Law and Practice § 6.37 (6th ed. 1994). Notice in this context means "that under the principles of agency, the actual knowledge of an agent, attorney or representative of the creditor will be imputed to the creditor." *Id.*

This notice or knowledge "must be actually existent, and not mere constructive notice or imputed knowledge." 3 Collier, Collier on Bankruptcy ¶ 523.13[c] (15th ed. 1994). Written notice is not necessary and verbal communication may be sufficient. *Id.* However, "[e]ven though the creditor may have actual knowledge of the case, such knowledge may be insufficient because of the time at which it was given." *Id.* As one commentator states:

> It seems clear under the Code when this listing, notice or knowledge must occur. It must occur in time for proof and allowance. Knowledge or notice in time to seek an extension of time to plead is not necessarily sufficient. The thirty day notice provision of Rule 4007(c) is a valuable guide, but a shorter period may be adequate under the particular circumstances of the case.

Cowans, *supra,* § 6.36.

The trial court made two significant, yet incomplete, findings on this point. First, the court found "[t]hat the plaintiff never received any notice from the bankruptcy court concerning Defendant's petition. Defendant had knowledge that a bankruptcy action had been filed by defendant." The trial court also found that "either on December 7, 1992 or February 25, 1993, the Defendant called the

CATO v. CATO

[118 N.C. App. 569 (1995)]

Plaintiff and told her he was surprised that he did not see her in Court and told her that there was nothing she could do with him now that his debts listed were discharged."

Logic dictates that the trial court intended for the second sentence of the first finding to read "*Plaintiff* had knowledge that a bankruptcy action had been filed by the Defendant." Assuming as much, we must conclude the finding suffers from a lack of specificity because it does not indicate when plaintiff acquired this knowledge. Knowledge or notice must be acquired in time to protect your rights and the finding does not make clear whether plaintiff knew defendant had filed for bankruptcy in time to do so. If she did acquire such knowledge in sufficient time and did nothing to protect her rights, the debt would be discharged. *See Justus v. Justus*, 581 N.E.2d 1265 (Ind. App. 1991); *In re Haendiges*, 158 B.R. 871 (Bkrtcy M.D. Fla. 1993).

The second finding also suffers from a lack of specificity because it does not indicate a particular date on which plaintiff learned of the discharge. Where a creditor learned the debtor filed for bankruptcy ten months before the final date to file, the court determined that the creditor had a duty to investigate further and present his objections. *In re Rider*, 89 B.R. 137 (Bkrtcy D. Colo. 1988). Where a creditor learned of the action weeks before the deadline to file a claim, the court determined that the debt was dischargeable in light of this actual knowledge. *In re Barley*, 130 B.R. 66 (Bkrtcy N.D. Ind. 1991). Where a creditor learned of the bankruptcy action only seven days before the bar date, however, this knowledge was inadequate. *In re Dewalt*, 961 F.2d 848 (9th Cir. 1992). In *Dewalt*, the court stated that a debtor should not be rewarded for negligent filing. *Id.* In addition, the court used the thirty day notice provision of Rule 4007(c) to determine when a creditor has sufficient time to protect its interests. The court looked to Rule 4007(c) as a guide only, noting that the time required would vary with the sophistication of the creditor. *Id.*

In this case, if Nancy learned of the action on 25 February 1993, the latter of the two dates identified by the trial court, she would have had less than two weeks to file a proof of claim. Under the authority cited above, this appears to be insufficient. If, however, she learned of the action on 7 December 1992, the earlier date identified by the trial court, she had a duty to inquire further and had ample time to file a proof of claim. Since it is not clear when she acquired this knowledge, this case must be remanded for more detailed findings.

Vacated and remanded.

Judges JOHNSON and MARTIN, Mark D., concur.