KEVIN LEE JUSTICE, Plaintiff v. CONSTANCE LEE JUSTICE, Defendant

No. COA95-686

(Filed 17 September 1996)

**Bankruptcy and Insolvency § 12 (NCI4th)— equitable distribution—prior discharge in bankruptcy—no objection by plaintiff-creditor**

The trial court erred by failing to dismiss an equitable distribution claim where defendant had filed a petition for Chapter 7 bankruptcy on 27 September 1990; the petition included all of the marital debts and listed plaintiff as a general unsecured creditor regarding "disputed claims for marital debts" in the amount of $4,000; plaintiff received timely notice of the bankruptcy proceeding and was represented by counsel; plaintiff requested relief from the stay to protect his interest in the marital residence but made no objection to the discharge of marital debt and requested no further relief; the Bankruptcy Court granted defendant's petition; plaintiff filed a motion for absolute divorce and equitable distribution on 9 April 1991; defendant moved to dismiss the equitable distribution claim on the grounds that it was barred by the earlier bankruptcy proceeding; and the trial court denied the motion to dismiss. A right to equitable distribution is a claim as defined under the Bankruptcy Code and is subject to being discharged. Plaintiff received adequate notice that his marital interests were at issue but did not object to the discharge of marital debts nor request relief from the stay to pursue an action for equitable distribution.

**Am Jur 2d, Bankruptcy § 1111.**

**Alimony, maintenance, and support debts as exceptions to bankruptcy discharge, under § 523(a)(5) of Bankruptcy Code of 1978 (11 USCS § 523(a)(5)). 69 ALR Fed. 403.**

Judge JOHN dissenting.

Appeal by defendant from order entered 4 January 1995 by Judge J. Kent Washburn in Alamance County District Court. Heard in the Court of Appeals 29 February 1996.

*Wishart, Norris, Henninger & Pittman, P.A., by J. Wade Harrison and June K. Allison, for plaintiff-appellee.*

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell and Cary E. Close, for defendant-appellant.*

WALKER, Judge.

The plaintiff and defendant were married on 10 April 1987 and separated on 29 October 1989. The defendant filed a petition for Chapter 7 bankruptcy protection on 27 September 1990, which included all of the marital debts accumulated by the parties. The petition listed the plaintiff as a general unsecured creditor regarding "disputed claims for marital debts" in the amount of $4,000.00. The plaintiff received timely notice of the bankruptcy proceeding and was represented by counsel. Plaintiff requested relief from the stay to protect his interest in the marital residence but made no objection to the discharge of marital debt and requested no further relief from the Bankruptcy Court. On 6 March 1991, the Bankruptcy Court granted defendant's Chapter 7 petition.

On 9 April 1991, plaintiff filed a motion for absolute divorce and equitable distribution. The court entered a judgment on 5 June 1991 granting an absolute divorce and reserving all equitable distribution matters. During the two-day equitable distribution hearing on 18 and 19 October 1993, the defendant moved to dismiss the equitable distribution hearing on the grounds that the claim was barred by the earlier bankruptcy proceeding. The trial court denied defendant's motion to dismiss and entered a final equitable distribution order on 4 January 1995. The order contained the following pertinent findings and conclusions:

<u>FINDINGS OF FACT</u>

: . .

5. On September 27, 1990, some 11 months after the date of separation, the defendant filed a Chapter 7 Petition for bankruptcy protection in the United States District Court for the Middle District of North Carolina. The plaintiff had notice of defendant's Bankruptcy Petition and in fact asked for a lifting of the stay as to the parties' former marital residence.

6. On March 6, 1991, the defendant's Bankruptcy Petition was granted, and the defendant was discharged as to those debts as

**JUSTICE v. JUSTICE**

[123 N.C. App. 733 (1996)]

listed in her Petition. Those debts include most, if not all, of the marital debts that had been accumulated by the parties.

. . .

12. The income of the defendant exceeds that of the plaintiff. Having considered the contentions by each party for an uneven distribution, the Court finds that the plaintiff is entitled to an uneven distribution of the marital property.

. . .

17. The marital estate has negative value. . . .

## CONCLUSIONS OF LAW

. . .

3. The defendant's Bankruptcy Petition had the effect of discharging $4,000 of plaintiff's disputed claim for equitable distribution.

4. This Court has authority pursuant to §50-20 et seq. of the North Carolina General Statutes to enter an Order providing for an uneven distribution of marital property. An equal division would not be equitable. Based upon the disparity in the respective incomes of the parties, the Court finds that there should be an uneven distribution in favor of the plaintiff such that the defendant pays to the plaintiff a distributive award of $4,500.

. . .

7. It is equitable because the income of the defendant is greater than that of the plaintiff that the defendant pay a distributive award to the plaintiff of $4,500 and be allocated those debts allocated to the defendant above after giving due consideration to the $4,000 amount of plaintiff's claim against defendant which was discharged in bankruptcy.

8. It is equitable because the income of the defendant is greater than that of the plaintiff that the plaintiff receive a distributive award of $4,500 from defendant, and that the plaintiff be allocated marital debt as enumerated above taking into account the effect of the [defendant's] Bankruptcy Petition which discharged [defendant] from her obligation to pay $4,000 of plaintiff's claim.

JUSTICE v. JUSTICE

[123 N.C. App. 733 (1996)]

On appeal, defendant contends that the trial court erred (1) by finding that plaintiff's equitable distribution claim was not discharged by defendant's prior bankruptcy, (2) by awarding plaintiff a greater than equal share of the parties' marital estate and ordering defendant to pay a distributive award based upon a finding that defendant's income exceeded that of the plaintiff, and (3) by placing the burden of loss of certain household furnishings on defendant.

I.

Turning to defendant's first assignment of error—whether the trial court erred by allowing plaintiff to commence an equitable distribution claim following defendant's prior bankruptcy—is a question of first impression before this Court. Defendant contends that plaintiff should not be permitted to proceed with a claim for equitable distribution where plaintiff received notice of defendant's bankruptcy and participated with counsel in the bankruptcy proceeding without raising any objection to the discharge.

The effect of a discharge under Chapter 7 is to relieve the debtor from all debts or claims that arose before the date of the order for relief. 11 U.S.C. § 727(b) (1986); 11 U.S.C. § 101(12) (1986). A discharge in bankruptcy:

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged . . ., whether or not discharge of such debt is waived.

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor. . . .

11 U.S.C. § 524(a)(1)(2) (1984). These provisions are designed to protect the debtor from a subsequent suit in state court regarding a debt or claim that was discharged. "Debts" and "claims" are to be broadly construed so as to permit the broadest possible relief and afford the debtor a "fresh start." H.R. 95-595, 95th Cong., 1st Sess. 180, 309 (1977).

A. Pre-petition Claim

As support for her position that plaintiff's equitable distribution claim was a pre-petition claim, defendant relies on the case *Perlow v.*

*Perlow*, 128 B.R. 412 (E.D.N.C. 1991). In *Perlow*, Mr. Perlow filed an action on 9 May 1988 requesting absolute divorce and equitable distribution of marital property. *Id.* at 413. The court granted the divorce on 14 June 1988 but reserved the issue of equitable distribution until a later date. *Id.* The valuing of marital property and the equitable distribution of such property had not occurred at the time Mr. Perlow filed a Chapter 7 petition in bankruptcy. *Id.* at 415. In his petition for relief, Ms. Perlow was listed as a general unsecured creditor on a claim described as "Case 88 CVD 813; Contingent, Disputed, Unliquidated; Division of Marital Property." *Id.* at 413-14. Ms. Perlow received timely notice of the bankruptcy but failed to object to the discharge or otherwise seek relief from the bankruptcy court. *Id.* at 416.

On 21 September 1989, Ms. Perlow filed a motion in Wayne County District Court requesting that the court distribute the parties' marital property and require Mr. Perlow to pay debts previously discharged by the Bankruptcy Court. *Id.* at 414. The *Perlow* court recognized that upon filing a petition for Chapter 7 liquidation, an estate is comprised of all legal and equitable interests of the debtor and any interest in property acquired within six months after the filing (including property obtained pursuant to a settlement agreement or divorce decree). *Id.* at 415; 11 U.S.C. § 541 (1984). Among the assets not included in the bankruptcy estate are tenancy by the entirety property, exempt property, or post-petition income. Property in which the debtor has an ownership interest is included in the bankrupt's estate, whether or not it would be classified as "marital property." In *Perlow*, the court stated that Ms. Perlow's right to equitable distribution was a general unsecured claim which was properly listed as a debt in Mr. Perlow's bankruptcy petition. *Id.* at 415. Therefore, the court concluded that where Ms. Perlow failed to object to Mr. Perlow's discharge or request an exception from the stay upon receiving proper notice of the proceeding, her pending claim for equitable distribution was discharged. *Id.* at 416. While we might have decided *Perlow* differently, it is instructive and must be taken into account, particularly in view of the fact that it is a decision of a federal court interpreting federal bankruptcy law.

In the case *sub judice*, plaintiff attempts to distinguish *Perlow*, on the basis that no claim for equitable distribution was pending at the time of defendant's bankruptcy. "Claim" is defined under the Bankruptcy Code as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent,

matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A) (1986). Therefore, the question of whether a particular action qualifies as a pre-petition claim does not depend on whether the action was actually filed.

Under the law in this State, the right to equitable distribution is a "species of common ownership . . . vesting at the time of the parties separation." N.C. Gen. Stat. § 50-20(k) (1995). This Court has held that "[s]ubsection k did not create any vested rights in *particular marital property*; [rather] it created a right to the equitable distribution of that property, whatever a court should determine that property is." *Wilson v. Wilson*, 73 N.C. App. 96, 99, 325 S.E.2d 668, 670, *disc. review denied*, 314 N.C. 121, 332 S.E.2d 490 (1985) (emphasis in original). Further, N.C. Gen. Stat. § 50-21(a) (1995) provides "[a]t any time after a husband and wife begin to live separate and apart from each other, a claim for equitable distribution may be filed. . . ." Therefore, following the parties' separation, a spouse's right to equitable distribution does not create any vested rights in particular marital property but rather creates in each spouse an unliquidated, unsecured, contingent claim as defined by federal law which may be discharged in bankruptcy.

Further, other courts have already recognized that a right to equitable distribution is a "claim" as defined under the Code and is subject to being discharged by the debtor. *See e.g.*, *Perlow v. Perlow*, 128 B.R. 412, 415 (1991); *see also Mosley v. Mosley*, 450 S.E.2d 161, 164 (Va. App. 1994); *In re Polliard*, 152 B.R. 51, 54 (Bankr. W.D.Pa. 1993); *In re Fischer*, 67 B.R. 666, 669 (Bankr. D. Colo. 1986); *Pellitteri v. Pellitteri*, 628 A.2d 784, 788 (N.J. Super. 1993).

## B. Notice

Pursuant to 11 U.S.C. § 727(a), a Chapter 7 debtor must comply with the notice requirement and other requirements of the Bankruptcy Code to receive a discharge of all pre-petition debts or claims. *First Union Nat. Bank v. Naylor*, 102 N.C. App. 719, 722, 404 S.E.2d 161, 162 (1991). Section 521(1) provides that the debtor must file a list of creditors with the court. 11 U.S.C. § 521(1) (1986). The Code provides in pertinent part that:

[a] discharge under section 727. . . does not discharge an individual debtor from any debt . . . neither listed nor scheduled under section 521(1). . . with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit . . . timely

filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing. . . .

11 U.S.C. § 523(a)(3)(A) (1993).

In *Cato v. Cato*, 118 N.C. App. 569, 570, 455 S.E.2d 918, 918 (1995), the plaintiff filed an action requesting that the court order the defendant to perform his debt obligations under the parties' separation agreement. Prior to plaintiff's action, defendant filed for bankruptcy under Chapter 7. *Cato*, 118 N.C. App. at 569, 455 S.E.2d at 918. The trial court found that the defendant failed to list plaintiff as a creditor in his bankruptcy schedules or provide plaintiff with notice of the bankruptcy proceeding. *Id.* at 570, 455 S.E.2d at 919. On appeal, defendant argued that the debts were discharged since plaintiff had actual knowledge of the bankruptcy sufficient to meet the requirements of the Code. *Id.* This Court remanded the case for a determination of whether the non-debtor spouse acquired actual knowledge of the debtor's bankruptcy in order to timely file a proof of claim. *Cato*, 118 N.C. App. at 572, 455 S.E.2d at 920; 11 U.S.C. § 523(a)(3).

Notwithstanding the fact that plaintiff was listed as a general unsecured creditor and participated in the bankruptcy proceeding, plaintiff contends that defendant's designation of "$4,000 of disputed marital debt" did not adequately provide him with notice of the type and extent of the claim sought to be discharged. The Bankruptcy Code requires the debtor to file a list of creditors and schedule of assets and liabilities in order to receive a discharge of pre-petition debts. *Cato*, 118 N.C. App. at 571, 455 S.E.2d at 919. However, following such notice, the burden is on the creditor to file a proof of claim if there is a dispute regarding the amount of the scheduled debt or if the creditor contends that there are additional debts that have not been scheduled by the petitioning debtor. 11 U.S.C. § 501 (1984); 11 U.S.C. § 523(a)(3)(A).

However, notice may be found to be insufficient where the debtor fails to schedule the non-debtor spouse as a creditor or where the notice fails to specify that the debtor is attempting to discharge marital interests. In *First Union Nat. Bank v. Naylor*, 102 N.C. App. 719, 723, 404 S.E.2d 161, 163 (1991), this Court held that the wife's breach of contract claim against the husband for failure to pay a marital debt pursuant to a separation agreement survived the husband's bankruptcy discharge where the husband did not list the wife as a creditor and there was no evidence to suggest that the wife had notice or actual knowledge of his bankruptcy petition.

Here, the plaintiff was listed as a general unsecured creditor in the bankruptcy petition. In addition, he was given notice that defendant was seeking to discharge "disputed claims for marital debts" in the amount of $4,000. There is no dispute that plaintiff received notice of the bankruptcy. Indeed, plaintiff and his counsel participated in the proceeding by requesting relief from the automatic stay to protect his interest in the marital residence. Under the facts of this case, we find that plaintiff received adequate notice that his marital interests were at issue but he did not object to the discharge of marital debts nor request relief from the stay to pursue an action for equitable distribution. Therefore, the trial court erred by failing to dismiss plaintiff's claim for equitable distribution.

## C. Protections Afforded

Plaintiff argues that he should not be required to request relief from the automatic stay and file for equitable distribution in order to prevent the debtor-spouse from discharging his claim for equitable distribution. We disagree.

While there is no question that courts have struggled to balance the competing policies of equitable distribution and bankruptcy, the Bankruptcy Code provides protection for the non-debtor spouse. First, plaintiff could have requested relief from the automatic stay to commence his claim for equitable distribution in state court. 11 U.S.C. § 362(d) (1984). Bankruptcy courts may grant relief from the stay to allow equitable distribution proceedings in state court. Federal courts traditionally give great deference to the expertise of state courts in matters involving domestic law. *See e.g.*, *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992); *Caswell v. Lang*, 757 F.2d 608, 610 (4th Cir. 1985); *Matter of Gardner*, 26 B.R. 65, 69 (W.D.N.C. 1982); *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985); *In re Bible*, 110 B.R. 1002, 1010 (Bankr. S.D.Ga. 1990); *In re Revco D.S., Inc.*, 99 B.R. 768, 776-77 (Bankr. N.D. Ohio 1989). Indeed, the plaintiff was aware of this option insofar as he was granted a limited relief from the stay in order to protect his interest in the marital residence.

Second, the plaintiff could have objected to the discharge of marital debts on the grounds that they were non-dischargeable. 11 U.S.C. § 523. For example, obligations of the debtor that are in the nature of child support, alimony, or maintenance are excepted from discharge under 11 U.S.C. § 523(a)(5). The Code was recently amended to provide additional protection to the non-debtor spouse. Although not in effect at the time of this case, Section 523(a)(15) (1994) now excepts

from discharge marital debts which are in the nature of a property settlement unless:

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

Following an objection by the non-debtor spouse pursuant to 11 U.S.C. § 523(a)(15), an adversary proceeding is held in Bankruptcy Court to determine if the statutory conditions are satisfied.

In addition to these remedies, a non-debtor spouse as a creditor has a claim against the bankrupt's estate. *Perlow*, 128 B.R. at 415. Absent taking steps to perfect an interest in the debtor spouse's property, a non-debtor spouse is a general unsecured creditor and has the same rights as any other unsecured creditor to be compensated from the estate. *Id.* Unfortunately, in this case, there were insufficient assets to compensate any of the unsecured creditors. Therefore, when a non-debtor spouse has a claim for equitable distribution concerning "property whose status as marital is foreseeably a matter of some dispute, a former spouse cannot sit on [his or] her rights in bankruptcy, only to surface later and lay claim to that property after it had already been subjected to possible liquidation, attachment, or other manner of disposal." *Walston v. Walston*, 190 B.R. 66, 68 (1995).

## II.

In her second assignment of error, defendant argues that the court erred in awarding plaintiff a greater than equal share of the parties' marital estate and ordering defendant to pay plaintiff a distributive award upon consideration of defendant's discharge in bankruptcy. We need not reach this issue, having decided that the trial court erred when it failed to dismiss plaintiff's equitable distribution claim in this case.

In conclusion, we hold that plaintiff's pre-petition claim for equitable distribution was discharged on 6 March 1991 along with defend-

ant's pre-petition debts. 11 U.S.C. § 524(a). Therefore, we hold that the trial court erred in denying defendant's motion to dismiss plaintiff's equitable distribution claim. Accordingly, we vacate the equitable distribution order and remand this cause to the trial court for entry of an order allowing defendant's motion to dismiss.

Vacated and remanded.

Judge EAGLES concurs.

Judge JOHN dissents.

Judge JOHN dissenting.

I respectfully dissent and vote to affirm the trial court in all respects.

*Perlow*, relied upon by the majority, has been criticized, *see* Daniel R. Cowans, *Bankruptcy Law and Practice* § 7.4, at 109 (6th ed. 1994) ("question of common ownership of what was not answered"), and *see generally* Elisabeth S. Petersen, Krista F. Norstog Leonard, Robert A. Ponton, Jr., L. Diane Tindall, & Christopher C. Fox, Bankruptcy and Equitable Distribution § VII, 65-96 (manuscript presented at Intensive Seminar: Advanced Problems in Equitable Distribution, 2-4 December 1993, N.C. Bar CLE), and is in any event distinguishable.

Assuming *arguendo* that an equitable distribution claim is dischargeable in bankruptcy, *see* Cowans and Petersen *et al.*, *supra*, I find the case of *Hoffman v. Hoffman*, 157 B.R. 580 (E.D.N.C. 1992), more persuasive. In *Hoffman*, wife was served with a copy of husband's Notice of Chapter 11 bankruptcy filing, the meeting of creditors under 11 U.S.C. § 341, as well as the bankruptcy court's order setting a bar date for proofs of claim. *Id.* at 582. Husband listed the parties' pending divorce action as a "chose in action" upon his declaration of assets schedule, although no value was assigned, and, while not listing wife as a creditor, "place[d] her name and address on the original mailing matrix." *Id.* Husband appealed the bankruptcy court's determination that wife's equitable distribution claim, filed subsequent to the bankruptcy court's confirmation of husband's Chapter 11 plan, had not been discharged.

The District Court affirmed the ruling of the bankruptcy court, noting that

[husband] failed to list [wife] as a creditor or to otherwise alert her to the fact that her equitable distribution rights were pending in the bankruptcy.

*Id.* at 583. Later, the Court reiterated,

[a]lthough [wife] had actual notice of the bankruptcy proceeding, she had no notice that her marital claims against the [husband] were at issue.

*Id.* at 584. The Court observed that wife's presence "was necessary as a co-owner in the properties being sold to pay the claims," *id.*, and that

[husband] could have elected to invoke the jurisdiction of the Bankruptcy court to determine the marital property rights of [wife], but he elected not to do so.

*Id.*

In addition, the Court approved the bankruptcy court's determination that *Perlow* was distinguishable

in that the debtor in *Perlow* specifically listed Ms. Perlow as an unsecured creditor with priority, noting that the claim was "contingent, disputed, unliquidated, Division of Marital Property." In addition, the *Perlow* debtor filed a notice with the Bankruptcy Court with service upon Ms. Perlow stating "all matters of equitable distribution will be requested to be completed by the Bankruptcy Court" and that "it is the contention of the plaintiff that upon the determination of equitable distribution by the Bankruptcy Court that all matters concerning distribution of property in this action should be dismissed."

*Id.* at 583.

Similarly, in the case *sub judice*, while plaintiff "had actual notice of the bankruptcy proceeding," *id.* at 584, he was listed on defendant's petition as a general unsecured creditor only regarding "disputed claims for marital debts" in the amount of $4,000. This listing, referring solely to "marital debts," in no way gave plaintiff "notice that [his] marital claims against the [defendant] were at issue." *Id.* at 584. Plaintiff, like the wife in *Hoffman*, "was not aware that [his] marital rights were being extinguished." *Id.* Accordingly, the trial court properly proceeded to hear his equitable distribution claim.