EDDY HOWARD HEARNDON, Plaintiff v. CAROL R. HEARNDON, Defendant

No. COA98-68

(Filed 19 January 1999)

**1. Appeal and Error— violations of appellate rules— sanctions**

An appellant's counsel was directed as a sanction to pay a sum equal to the cost of the appeal where the index of the contents of the record on appeal did not include the entire list of contents of the record, the pages in the record were not numbered consecutively, various documents granting extensions of time were not in chronological order, and the argument in the brief did not contain the pertinent assignment of error number nor the record page number where the assignment of error could be found.

**2. Divorce— equitable distribution—discharge in bankruptcy**

An equitable distribution claim was properly discharged in a bankruptcy proceeding and defendant was not entitled to excess funds generated by a foreclosure sale of the marital property. The Bankruptcy Court would have had the opportunity to protect defendant's property interest in the bankruptcy proceeding if defendant had filed a complaint objecting to the discharge of her equitable distribution claim, requested relief from the stay to proceed with the state court action for equitable distribution, or requested that the Bankruptcy Court abstain from exercising jurisdiction pursuant to 28 U.S.C. § 1334(c)(1).

**3. Appeal and Error— preservation of issues—equitable distribution—bankruptcy discharge—pension issue not raised**

An issue in an equitable distribution action regarding whether a bankruptcy proceeding discharged defendant's interest in her husband's military pension was not addressed where the order before the court specifically dealt with excess funds from a foreclosure sale of the marital residence. The trial court was never presented with the issue of whether defendant's rights in the pension were discharged.

## HEARNDON v. HEARNDON

[132 N.C. App. 98 (1999)]

Appeal by defendant from order entered 5 February 1997 by Judge Dexter Brooks in Onslow County Superior Court. Heard in the Court of Appeals 22 October 1998.

Carol Hearndon (defendant) appeals from an order denying her claim to certain excess proceeds of a foreclosure sale. This order arose out of the following facts:

Defendant and Eddy Hearndon (plaintiff) were married 22 November 1974 and five children were born of the marriage. The parties separated 15 November 1994. Defendant filed for divorce from bed and board, custody, child support, and other relief on 15 November 1994. The defendant was granted the divorce from bed and board on 3 February 1995.

Defendant filed for absolute divorce on 20 November 1995. The absolute divorce was granted on 19 January 1996 with the issues of child custody, child support and equitable distribution reserved for a hearing at a later date.

Plaintiff filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code on 13 March 1995 in the United States Bankruptcy Court in the Eastern District of North Carolina. Defendant received specific notice that plaintiff filed for bankruptcy and in response, on 27 April 1995, defendant filed a Proof of Claim. Defendant indicated that an equitable distribution claim was pending and the amount of the claim included a one-half interest in real property and a retirement account with the total amount to be determined. The real property in question was the marital home during the marriage but was not owned as tenancy by the entirety. Plaintiff was the sole record owner of the property.

On 16 May 1995, the Trustee in bankruptcy filed a motion to sell the real property free and clear of any liens. Defendant responded to the motion on 24 May 1995 and requested the court allow her to have possession of the property, purchase plaintiff's interest in the property, or grant other or further relief. On 30 June 1995, the Bankruptcy Court entered an order lifting the automatic stay and the co-debtor stay and allowed a foreclosure sale of the property. Any excess funds from the foreclosure sale were ordered to be forwarded to the Trustee to be held pending further orders from the Bankruptcy Court.

On 12 July 1995, the Bankruptcy Court released plaintiff from all dischargeable debts. The "Discharge of Debtor" document indicated

HEARNDON v. HEARNDON

[132 N.C. App. 98 (1999)]

that no complaint objecting to the discharge of plaintiff was filed within the time fixed by the Bankruptcy Court.

The proceeds from the foreclosure sale exceeded the costs of administration and secured interest in the residence and as a result $9,364.70 was collected from the foreclosure sale. These proceeds were forwarded to the Trustee. Since plaintiff had been discharged from bankruptcy, the Trustee sent the excess funds back to the Substitute Trustee on the foreclosed Deed of Trust. The excess funds were then turned over to the Onslow County Clerk of Superior Court.

The Clerk of Superior Court heard the issue of distribution of the excess funds. The Clerk scheduled the matter to be heard in the Superior Court. The Superior Court concluded that defendant's claim for equitable distribution was within the jurisdiction of the Bankruptcy Court and because defendant failed to make a proper request to the Bankruptcy Court for removal of the equitable distribution claim to state court, defendant had waived her right to do so. The Superior Court denied defendant's claim for excess funds of the foreclosure sale and ordered the excess funds turned over to plaintiff. Defendant appeals.

*Lanier & Fountain, by Keith E. Fountain and Timothy R. Oswalt, for defendant-appellant.*

*No brief filed for plaintiff-appellee.*

EAGLES, Chief Judge.

[1] Initially we note defendant violated Rules 9(a)(1), 9(b)(4), and 28(b)(5) of the North Carolina Rules of Appellate Procedure. *See* N.C.R. App. P. 9(a)(1) (1998), N.C.R. App. P. 9(b)(4) (1998), N.C.R. App. P. 28(b)(5) (1998). The index of the contents of the record on appeal does not include the entire list of contents of the record. The pages in the record were not numbered consecutively and various documents granting extensions of time were not in chronological order, making the record difficult to follow. Finally, the argument in appellant's brief does not contain the pertinent assignment of error number, nor does it contain the record page number where the assignment of error can be found. Despite these procedural errors, this Court has decided to review the merits of this appeal; however, under Rule 25 and Rule 34 we direct, as a sanction for violation of the rules, that defendant-appellant's counsel pay as a penalty a sum equal to, but in addition to, the costs on appeal.

## HEARNDON v. HEARNDON

[132 N.C. App. 98 (1999)]

**[2]** The sole issue on appeal is whether defendant's claim for equitable distribution of marital property was properly discharged in the plaintiff's bankruptcy proceeding. Defendant contends that the trial court committed reversible error in concluding as a matter of law that the defendant's equitable distribution claim was discharged. After careful review, we disagree.

Equitable distribution is a statutory right granted to spouses under G.S. 50-20 which vests at the time of separation. G.S. 50-20(b). This vested right does not create a property right in marital property. *Perlow v. Perlow*, 128 B.R. 412, 415 (E.D.N.C. 1991). Nor does the separation create a lien on specific marital property in favor of the spouse. *Id.* It only creates "a right to an equitable distribution of that property, whatever a court should determine that property is." *Id.* (quoting *Wilson v. Wilson*, 73 N.C. App. 96, 99, 325 S.E.2d 668, 670, *cert. denied*, 314 N.C. 121, 332 S.E.2d 490 (1985)). A "claim" is defined, under the bankruptcy section of the United States Code, as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A) (1996). Accordingly, an equitable distribution action can be a "claim" under the bankruptcy code. *Perlow*, 128 B.R. at 415.

In *Perlow v. Perlow*, the parties were granted an absolute divorce and equitable distribution was reserved for a later date. *Id.* at 413. On 18 October 1988 while the equitable distribution action was still pending, Mr. Perlow filed a petition for bankruptcy. *Id.* at 413. Mr. Perlow listed Ms. Perlow as an unsecured creditor on a claim listed as "Case 88 CVD 813; Contingent Disputed, Unliquidated; Division of Marital Property." *Id.* at 413-14. Ms. Perlow received two different written notices that her equitable distribution claim was listed as a debt in Mr. Perlow's bankruptcy case. *Id.* at 414. On 25 October 1988, Mr. Perlow filed a document entitled "Notice of Plaintiff's Bankruptcy" and mailed a copy of it to Ms. Perlow's attorney. *Id.* This notice specifically stated that "[a]ll matters of equitable distribution will be requested to be completed by the Bankruptcy Court." *Id.* Ms. Perlow also received a document entitled "Order and Notice of Chapter 7 Bankruptcy." *Id.* This notice stated that "[i]f a creditor believes that debtor should not receive a discharge under 11 U.S.C. § 727 or a specific debt should not be discharged under 11 U.S.C. § 523(c) for some valid reason specified in the bankruptcy law, the creditor must take action to challenge the discharge." *Id.* The notice provided that the

HEARNDON v. HEARNDON

[132 N.C. App. 98 (1999)]

deadline to file a complaint objecting to the discharge of a debt was 17 January 1989. *Id.* Ms. Perlow never filed an objection. *Id.*

On 21 September 1989, Ms. Perlow filed a motion with the district court requesting that the court distribute the marital property and debts. *Id.* On 23 January 1990, Mr. Perlow sought an adversary proceeding in Bankruptcy Court to determine whether Ms. Perlow's interest in the equitable distribution claim was discharged in the bankruptcy proceeding. *Id.*

The Bankruptcy Court determined that Ms. Perlow's rights were those of an unsecured creditor and the claim for equitable distribution was discharged. *Id.* at 414-15. The district court upheld the Bankruptcy Court's decision that Ms. Perlow's claim for equitable distribution was appropriately discharged. *Id. See also Justice v. Justice,* 123 N.C. App. 733, 740, 475 S.E.2d 225, 230 (1996), *aff'd,* 346 N.C. 176, 484 S.E.2d 551 (1997) (holding that because plaintiff received adequate notice that his marital interests were at issue but did not object to the discharge of marital debts or request relief from the stay to pursue an action for equitable distribution, his equitable distribution claim was properly discharged in the bankruptcy proceeding).

The same reasoning applies here with regard to the excess funds from the foreclosure sale of the real property. Here, as in *Perlow v. Perlow,* plaintiff filed a petition for bankruptcy following the grant of a divorce from bed and board but prior to the hearing in state court on the parties' equitable distribution claim. The petition for bankruptcy filed 13 March 1995 stated that the deadline for filing a complaint objecting to the discharge of the debtor or determining the dischargeability of certain types of plaintiff's debt was 20 June 1995. Following the petition in bankruptcy, defendant filed a Proof of Claim listing the defendant's pending equitable distribution claim which included real property and a retirement account. On 16 May 1995 the Trustee filed a motion to lift the automatic stay and on 24 May 1995, the defendant responded to the motion to lift the automatic stay and asked that the court acknowledge her one-half interest in the property. However, nowhere in defendant's motion did defendant mention or indicate that she was seeking to have the dischargeability of her equitable distribution claim decided. Neither did defendant ask the Bankruptcy Court to lift the automatic stay to permit her to pursue her equitable distribution claim in state court. Additionally, the defendant's response to the Trustee's motion to sell the property free

**HEARNDON v. HEARNDON**

[132 N.C. App. 98 (1999)]

and clear of liens cannot be construed as a valid complaint to determine dischargeability under 11 U.S.C. § 523(c). See *Kennerley v. Kennerley*, 995 F.2d 145, 146-47 (9th Cir. 1993).

On 30 June 1995, the Bankruptcy Court lifted the automatic stay and co-debtor stay to allow the Trustee to sell the real property at a foreclosure sale free and clear of any liens. On 12 July 1995, the Bankruptcy Court released plaintiff from all "dischargeable debts." Plaintiff never objected to the discharge within the time period fixed by the Bankruptcy Court. Had defendant filed a complaint objecting to the discharge of her equitable distribution claim, requested relief from the stay pursuant to 11 U.S.C. § 362(d) to proceed with the state court action for equitable distribution, or requested that the Bankruptcy Court abstain from exercising jurisdiction over the matter pursuant to 28 U.S.C. § 1334(c)(1), the Bankruptcy Court would have had the opportunity to protect defendant's property interest in the bankruptcy proceeding. Accordingly, we hold that defendant's equitable distribution claim was properly discharged in the bankruptcy proceeding and defendant is not entitled to the excess funds generated by the foreclosure sale of the marital property.

[3] Defendant also argues that the bankruptcy proceeding did not discharge the interest in her husband's military pension. However, we may not address the merits of this issue because it is not properly before this Court.

The Order appealed from specifically deals with the excess funds from the foreclosure sale, but does not determine defendant's claim to a portion of plaintiff's military pension. Rule 10(b)(1) of the Rules of Appellate Procedure states, "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1) (1998). Here the trial court was never presented with the issue of whether the defendant's rights in the pension were discharged. Accordingly, whether the rights in the pension fund were discharged by the bankruptcy is not properly before this Court.

In conclusion, we hold that the trial court did not commit reversible error in denying defendant's claim to the excess funds from the foreclosure sale of the real property. We also require that defendant's counsel pay as a penalty for violating the rules of appellate procedure a sum equal to, but in addition to, the costs on appeal.

**SPRUILL v. LAKE PHELPS VOL. FIRE DEP'T, INC.**

[132 N.C. App. 104 (1999)]

Affirmed.

Judges JOHN and McGEE concur.