THOMAS KROH, Plaintiff v. TERESA KROH, Defendant

No. COA02-151

(Filed 19 November 2002)

**Enforcement of Judgment— defamation judgment—execution—future interest on pending equitable distribution proceeding—401(k) retirement account**

The trial court did not err by granting plaintiff former husband's motion under N.C.G.S. § 1-362 to collect a defamation judgment against defendant former wife by executing on defendant's future interest in the couple's pending equitable distribution proceeding including but not limited to defendant's claims to plaintiff's 401(k) retirement accounts even though defendant contends that the N.C.G.S. § 1C-1601(a)(9) retirement exemption applies, because: (1) defendant's reliance on N.C.G.S. § 1C-1601(a)(9) is misplaced when defendant equates a claim for equitable distribution with an ownership interest in property; (2)

defendant does not own a retirement account but has an expectancy in an equitable distribution claim; (3) N.C.G.S. § 50-20 provides that an equitable distribution claim is not a property right in specific marital property; (4) under N.C.G.S. § 1C-1601(a)(9), a debtor may use the retirement account exemption to shield her own retirement account but not to shield her claim to someone else's account; and (5) defendant does not even have a legal claim to the retirement account, but instead has an equitable distribution claim to a marital estate that might include the retirement account.

Appeal by defendant from order entered 8 November 2001 by Judge Melzer A. Morgan, Jr. in Superior Court, Guilford County. Heard in the Court of Appeals 16 October 2002.

*Moss, Mason, & Hill, by Matthew L. Mason and William L. Hill for plaintiff-appellee.*

*Smith, James, Rowlett, & Cohen, L.L.P., by Seth R. Cohen for defendant-appellant.*

WYNN, Judge.

This case arises from Thomas Stewart Kroh's motion to collect a defamation judgment against his former wife, Teresa Ledford Kroh, by executing on Ms. Kroh's future interest in the couple's pending equitable distribution proceeding. The trial court granted Mr. Kroh's motion, and held under N.C. Gen. Stat. § 1-362, that he "should be deemed the holder of all right, title and interest in [Ms. Kroh's] equitable distribution claim . . . including but not limited to her claims to [his] 401(k) retirement accounts."

On appeal, Ms. Kroh raises one issue: Did the trial court's order, with respect to the 401(k) retirement account, violate North Carolina's "Individual Retirement Plan" execution exemption codified at N.C. Gen. Stat. § 1C-1601(a)(9)?[1] We answer, no, and therefore uphold the order of the trial court.

The underlying facts to this matter tend to show that on 28 December 2001, an $80,000 judgment was entered against Ms. Kroh,

---

1. Ms. Kroh also argues in her brief the trial court's order violated North Carolina's "$1,500 motor vehicle" and "$3,500 personal property" execution exemption. However, she failed to raise these assignments of error in the record on appeal; accordingly, these arguments are not before us. N.C. R. App. P. 10(a) (2002).

KROH v. KROH

[154 N.C. App. 198 (2002)]

in favor of Mr. Kroh, for slander *per se*.[2] Twice, on 15 February 2001 and 14 June 2001, Mr. Kroh attempted to execute this judgment. However, the executions were returned unsatisfied. Unable to satisfy his judgment, Mr. Kroh filed a Motion in Aid of Execution in Superior Court, Guilford County.

In his motion, Mr. Kroh noted Ms. Kroh's pending equitable distribution claim, filed 26 March 1999, in which Ms. Kroh requested equitable distribution of Mr. Kroh's 401(k) retirement account. Accordingly, Mr. Kroh requested the Superior Court to "declare him the holder of all right, title, and interest" in Ms. Kroh's future "equitable distribution" award "to any portion of his retirement account" not in excess of his unsatisfied judgment."

On 8 November 2001, the Superior Court granted Mr. Kroh's motion under N.C. Gen. Stat. § 1-362 which provides: "The court or judge may order any property, whether subject or not to be sold under execution (except the homestead and personal property exemptions of the judgment debtor) . . . due to the judgment debtor, to be applied towards the satisfaction of the judgment." Ms. Kroh argues, however, the trial court should have applied N.C. Gen. Stat. § 1C-1601(a)(9), providing that: "Each individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of creditors . . . . Individual retirement plans."

Ms. Kroh contends that since the execution exemption for "retirements accounts" is neither restricted nor eliminated by Section 1-362, the trial court erroneously applied Section 1-362 frustrating the legislative purpose of Section 1C-1601. We disagree.

Our Supreme Court has consistently held that we are required to "give effect to statutes covering the same subject matter where they are not absolutely irreconcilable and when no purpose of repeal is clearly indicated." *Person v. Garrett*, 280 N.C. 163, 165-66, 184 S.E.2d 873, 874 (1971). Here, Section 1-362 was enacted in 1870. *See* N.C. Gen. Stat. § 1-362. In 1981, the legislature repealed sections 1-369 through 1-392, entitled "Property Exempt from Execution," and replaced that section with 1C-1601. *See* N.C. Gen. Stat. §§ 1-369 through 1-392 (repealed by Session Laws 1981, Ch. 490, codified at N.C. Gen. Stat. § 1C-1601 et seq). The legislature, however, did not

---

2. In an earlier appeal from the defamation judgment, this Court affirmed the $80,000 award of compensatory and punitive damages, but reversed the award of $5000 based upon a violation of the Electronic Surveillance Act. *Kroh v. Kroh*, 152 N.C. App. 347, 567 S.E.2d 760 (2002).

repeal section 1-362. Chapter 1C contains no suggestion or evidence of a legislative intent to repeal section 1-362.[3]

Ms. Kroh relies on Section 1C-1601 to support the proposition that the trial court erroneously used her exempt property to satisfy a judgment. Ms. Kroh's reliance on this section is misplaced. Her argument incorrectly equates a claim for equitable distribution with an ownership interest in property. Ms. Kroh does not own a retirement account, rather Ms. Kroh has an expectancy in an equitable distribution claim. Under N.C. Gen. Stat. § 50-20, we have consistently held that an equitable distribution claim is not a property right in specific marital property.

> Equitable distribution is a statutory right granted to spouses under G.S. 50-20 which vests at the time of separation. This vested right does not create a property right in marital property. *Perlow v. Perlow*, 128 B.R. 412, 415 (E.D.N.C.1991). Nor does the separation create a lien on specific marital property in favor of the spouse. *Id.* It only creates "a right to an equitable distribution of that property, whatever a court should determine that property is." *Id.* (quoting *Wilson v. Wilson*, 73 N.C. App. 96, 99, 325 S.E.2d 668, 670, *cert. denied*, 314 N.C. 121, 332 S.E.2d 490 (1985)).

*Hearndon v. Hearndon*, 132 N.C. App. 98, 101, 510 S.E.2d 183, 185 (1999).

Under section 1C-1601, a debtor may use the retirement account exemption to shield her own retirement account, but not to shield her claim to someone else's account. Here, Ms. Kroh does not even have a legal claim to the retirement account. Rather, Ms. Kroh has an equitable distribution claim to a marital estate that might include the retirement account. Accordingly, Ms. Kroh's assignment of error is without merit.

In sum, because Ms. Kroh does not have a property interest in the 401(k), Ms. Kroh is precluded from arguing, under section 1C-1601, that the trial court erred by using her exempt property to satisfy a claim.

---

3. It is implausible to believe section 1-362 incorporates the exemptions of chapter 1C-1601 by reference. Chapter 1C-1601 was not enacted until 1981, a century after section 1-362 was first enacted. Although section 1-362 contains a clause appearing to be a "catch-all exemption" for personal property, this clause actually has a clear and narrow meaning. The homestead and personal property exemptions noted in section 1-362 arise directly from Article X of the North Carolina Constitution. *See* N.C. Const. Art. X, §§ 1-2.

Affirmed.

Judges TIMMONS-GOODSON and HUNTER concur.