**Marjorie K. LYNCH, Bankruptcy Administrator, Appellant,**

v.

**Colleen Norton PARRISH, Appellee.**

**No. 5:07–CV–335–H(3).**

United States District Court,
E.D. North Carolina,
Western Division.

Feb. 14, 2008.

Jeffrey M. Cook, Office of the Bankruptcy Administrator, EDNC, Raleigh, NC, for Appellant.

Marjorie Keys Lynch, Wilson, NC, pro se.

Marty E. Miller, Miller & Shedor, PLLC, Cary, NC, for Appellee.

Richard D. Sparkman, Angier, NC, pro se.

**ORDER**

MALCOLM J. HOWARD, Senior District Judge.

This matter is before the court on appeal by the Appellant–Bankruptcy Admin-

istrator ("Administrator") from the judgment of the United States Bankruptcy Court for the Eastern District of North Carolina. The Appellee-debtor ("debtor") has responded, and the Administrator replied. This matter is ripe for adjudication.

## STATEMENT OF THE CASE

■ Debtor filed, with the assistance of counsel, a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code. The Bankruptcy Administrator moved to dismiss the petition, arguing that the debtor had improperly calculated her expenses under the "means test" of 11 U.S.C. § 707(b), promulgated by Congress as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). Following briefs and oral argument, United States Bankruptcy Judge A. Thomas Small denied the Administrator's motion, finding that the debtor's calculations under the means test were proper and no presumption of abuse arose. The Administrator appeals, pursuant to this court's appellate jurisdiction over orders from the bankruptcy court. *See* 28 U.S.C. § 158. The issues on appeal are matters of law, which the court reviews *de novo.* *In re York,* 205 B.R. 759, 762 (E.D.N.C.1997) (Howard, J.) (citing *Perlow v. Perlow,* 128 B.R. 412, 414 (E.D.N.C. 1991)).

## TITLE 11 U.S.C. § 707

This case arises under Chapter 7 of the United States Bankruptcy Code and concerns the application of the means test found in 11 U.S.C. § 707. Section 707 provides for the dismissal of a bankruptcy proceeding brought under Chapter 7, or its conversion to a Chapter 11 or 13 proceeding, when the court determines that allowing the debtor to continue would constitute an abuse of the provisions in Chapter 7. A presumption of abuse arises if the Chapter 7 debtor fails the means test as set out in § 707.

When performing the calculations of the means test, the debtor first must calculate her current monthly income. "Current monthly income" has a specific definition in the bankruptcy code, found in 11 U.S.C. § 101(10A). Section 101(10A) provides in pertinent part that a debtor's current monthly income is her "average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive)" including "any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse)." 11 U.S.C. § 101(10A)(A)-(B). Debtor may deduct from her current monthly income, in addition to other expense deductions outlined under § 707(b)(2)(A)(ii)-(iv), all of her

applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent.

11 U.S.C. § 707(b)(2)(A)(ii)(I).

The IRS National Standards for Allowable Living Expenses ("the Standards") organizes the expense schedule by the number of persons in question and contains a sliding scale "based on gross monthly income." (*See* IRS National Standards for Living Expenses, October 1, 2006 through January 31, 2007 [DE # 1-9].)

## STATEMENT OF FACTS

■ The debtor, Colleen Parrish, filed a Chapter 7 bankruptcy petition on October

5, 2006. The debtor has no dependents and, as a homemaker, does not earn a wage. This does not mean, however that she has no income for the purposes of the means test. Pursuant to 11 U.S.C. § 101(10A)(B), debtor's income "includes any amount paid by any entity other than the debtor ... on a regular basis for the household expenses of the debtor." Therefore, debtor's husband's gross income is imputed to debtor to begin the current monthly income calculation. Debtor's husband has a gross monthly income of $7,225, an annualized amount of $86,700. This is in excess of the median income for a household of two in North Carolina ($44,-625 at the time of filing) [1] and subjects debtor to the means test. See 11 U.S.C. § 1325(b)(3) (debtor must perform means test when gross income exceeds median income for debtor's home state).

Debtors undertake the means test by completing Official Form 22A. The form requires the debtor to calculate her "current monthly income." In this case, debtor's means test calculations on Form 22A can be described as follows:

Because debtor's income comes entirely from her husband, $2,121.45 is deducted, for her husband's individual expenses, from her gross monthly income of $7,225. This yields a current monthly income of $5,103.55 [2] before deducting debtor's other expenses. After all de-

ductions are taken from debtor's current monthly income, she is left with monthly disposable income of just $72.52. Under the means test, that disposable income amount is multiplied by sixty, giving debtor a total of $4,351.20 disposable income for evaluation against the abuse standards. See 11 U.S.C. § 707(b)(2)(A)(I) (debtor's monthly disposable income multiplied by sixty and compared to statutorily defined amounts in § 707(b)(2)(A)(i)(I)-(II)); see also Official Form 22A, Lines 48–51. Because that amount is less than $6,000 [3], no presumption of abuse arises against debtor. See 11 U.S.C. § 707(b)(2)(A)(i)(I); see also Official Form 22A, Line 52.

One of the monthly expenses deducted by debtor was for allowable living expenses totaling $1,306. Section 707(b)(2)(A)(ii)(I) provides that the amount a debtor may deduct as living expenses shall be specified by Internal Revenue Service National Standards. Debtor deducted $1,306 for living expenses based on $7,225 gross monthly income. The Administrator claims this was error, arguing that debtor should have calculated expenses based on her $5,103.55 current monthly income. When calculated as the Administrator advocates, debtor's monthly food and clothing deduction falls by almost one-

1. Line 14 on Official Form 22A directs the debtor to consult www.usdoj.gov/ust/ to ascertain the applicable median income. A full listing of median incomes in each state during the applicable time period is available at http://www.usdoj.gov/ust/eo/ bapcpa/20061001/bci_data/median_income_table.htm.

2. Debtor checked box 2c on Official Form 22A, indicating that she is married, not filing jointly. Because she is married but filing individually, line 17 on Form 22A provides for a deduction from the income attributed to her for purposes of the means test of the amount

of her gross income "that was not paid on a regular basis for the household expenses of the debtor or the debtor's dependents." In other words, because she is married but filing for individual bankruptcy, the amount of *her* gross income, which comes entirely from *her husband*, that is used to pay *her husband's* individual debts ($2,121.45), is not considered part of *her* current monthly income. See 11 U.S.C. § 101(10A)(B).

3. This amount was increased to $6,575 effective April 1, 2007. See 72 F.R. 7082 (Feb. 14, 2007).

third, to $904. If debtor's means test is recalculated using that figure, she is left with monthly disposable income of $450.40, which exceeds $27,000 when multiplied by sixty and raises a presumption of abuse because it exceeds $10,000. *See* 11 U.S.C. § 707(b)(2)(A)(i)(II).

### ANALYSIS

The parties do not dispute that debtor's expenses are properly analyzed on the two person schedule, on which gross monthly income between $4,167 and $5,833 yields total expenses of $904 per month, whereas for gross monthly incomes over $5,834, the Standards allow for expenses of $1,305 per month. Debtor's current monthly income would put her in the former category; her gross monthly income places her in the latter.

■ Whether gross monthly income or current monthly income is to be used in identifying debtor's expenses under the Standards appears to be a question of first impression. The Administrator relies mainly on the language "and the spouse of the debtor in a joint case," contained in § 707(b)(2)(A)(ii) (*see* block quote, *supra* page 908). In the Administrator's view, this phrase applies to the income used to determine expenses under the Standards, and should therefore exclude income attributed solely to debtor's husband's expenses. The court believes this is an erroneous reading of the statute.

The initial clause of § 707(b)(2)(A)(ii), that "debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards," (the Standards clause) is an independent clause not modified by the clause "and the spouse of the debtor in a joint case" (the Spousal clause). Rather, the court reads this Spousal clause to modify the accounting of debtor's "actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service...." *See* 11 U.S.C. § 707(b)(2)(A)(ii). Moreover, there is no indication that the modification the Administrator seeks to impute to the Standards clause was meant to pass through to the underlying document, the Standards.

Printed across the top of every schedule in the Standards is the phrase "Based on Gross Monthly Income." Current monthly income is a construction of the bankruptcy code, used for a specific purpose—it is the starting point of the means test. There is no indication that when Congress chose to use the preexisting IRS Standards as the basis for expenses under the means test that it meant to have "Gross Monthly Income," already printed on the Standards, reread as "current monthly income." Upon review of § 707, this court agrees with the bankruptcy court that "it makes sense to use the gross income of both the debtor and her husband" to determine debtor's expenses under the Standards. *See* Order Signed June 25, 2007, No. 06–01592–5–ATS [DE # 1–11].

### CONCLUSION

The bankruptcy court's interpretation of the means test under § 707 was correct. The amount of expenses listed in the IRS National Standards, deductible by debtor under the means test, is properly determined based on debtor's gross monthly income. For the foregoing reasons, the ruling of the bankruptcy court is AFFIRMED.