IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-765

Filed 02 May 2023

Onslow County, No. 12CVD2444

GREGORY D. BROWN, Plaintiff,

v.

TAMMY BROWN, Defendant.

Appeal by plaintiff from order and judgment entered by Judge James L. Moore, Jr., in Onslow County District Court. Heard in the Court of Appeals 12 April 2023.

*Jonathan McGirt for plaintiff-appellant.*

*Pro Se, Tammy Brown for defendant-appellee, no brief.*

GORE, Judge.

This matter arises from a domestic action following the parties' separation and absolute divorce. Plaintiff Gregory D. Brown, II, appeals from the trial court's Order and Judgment, both denying his motion to dismiss and granting defendant Tammy Brown an equitable distribution of plaintiff's military pension. Plaintiff asserts his discharge in bankruptcy bars defendant from obtaining any relief on her equitable distribution claim. Upon review, we affirm.

**I.**

Plaintiff and defendant were married, each to the other, on or about 4 January 1994. Plaintiff was already employed with the United States Marine Corps when the

parties were married. The parties separated on 23 June 2011 and were subsequently divorced on 31 December 2012. Plaintiff enlisted in the United States Marine Corps on 1 January 1993 and served until 11 August 2018, giving plaintiff a total active-duty service time of three hundred and six (306) months. The time period the marriage overlapped plaintiff's service time is two hundred and ten (210) months.

On 25 June 2012, plaintiff initiated this action by filing a Complaint for child custody, child support, and equitable distribution. On 6 August 2012, defendant filed an Answer and Counterclaim for child custody, child support, equitable distribution, and spousal support.

On 29 January 2013, plaintiff filed a voluntary petition in United States Bankruptcy Court, Eastern District of North Carolina, seeking relief under Chapter 13 of the Bankruptcy Code Case No. 13-00567-8-DMV. The court took judicial notice of this case at trial. In his bankruptcy Petition under the statement of financial affairs, plaintiff listed this lawsuit including the caption, nature of all proceedings, venue, and status of "pending." Further, plaintiff listed defendant with her full name and address as an unsecured creditor with her unsecured claim of "equitable distribution and debt Potential claims for marital property/debt distribution." Defendant's attorney's name and address were also listed. Defendant and her then attorney received notice of the bankruptcy proceeding sent by first class mail on 1 February 2013 and were properly served a copy of the petition.

Defendant never requested relief from the automatic stay to commence her

claim for equitable distribution, nor did she file for any relief from the bankruptcy court to protect her interests. On 25 April 2013, the court confirmed plaintiff's Chapter 13 Plan. Plaintiff completed payments totaling approximately $60,000.00 under the Plan on 9 November 2017, and the court granted the plaintiff a discharge pursuant to 11 U.S.C. § 1328(a) ("Bankruptcy Discharge"). On 24 September 2018, the bankruptcy court entered a Final Decree and closed the case.

In August of 2019, defendant scheduled a hearing in this matter for interim allocation to assert her claim to plaintiff's military pension after discovering plaintiff had retired in August of 2018. On 28 August 2019, plaintiff filed a Motion to Dismiss the Equitable Distribution Claim based on failure to prosecute the equitable distribution action. On 6 March 2020, plaintiff filed a Motion to Dismiss the Equitable Distribution Claim on the basis that plaintiff's Chapter 13 bankruptcy action discharged the equitable distribution lawsuit, and such would include defendant's right to petition the court to divide plaintiff's military retirement.

On 11 May 2020, defendant filed a Motion in the United States Bankruptcy Court to reopen the Chapter 13 case to determine dischargeability of debt. On 21 May 2020, the bankruptcy court denied defendant's Motion to reopen, concluding that: (i) the bankruptcy court had concurrent jurisdiction with the North Carolina district court; and (ii) when plaintiff filed his motion to dismiss using his completed Chapter 13 bankruptcy case as an affirmative defense, the bankruptcy court no longer had jurisdiction over this issue, and the North Carolina district court was the

appropriate forum to handle the matter.

On 23 October 2020, the trial court conducted a hearing for a ruling on plaintiff's Motion to Dismiss heard 7 August 2020 and to hear all remaining issues of equitable distribution. On 8 December 2021, the trial court entered an Order relating to the equitable distribution of plaintiff's military pension with the following operative findings and conclusions:

18. The Court finds:

a. The defendant's interest in the military pension is proprietary as a co-owner of marital property and, her interest in the military pension is not a claim upon debt.

b. That military pensions have been held to be beyond the reach of a chapter 7 Trustee.

c. Plaintiff's military pension was not liquidated or otherwise distributed to any creditor and the plaintiff continues to receive the pension based on military employment during the course of his marriage to defendant.

d. The retirement could not be reached by a creditor.

e. The military pension is not personal property upon which an execution lien could have been levied.

f. The marital property rights in a military pension are not dischargeable.

g. The defendant has a marital property right in the plaintiff's military retirement and this right is not held in the nature of a creditor's claim.

h. The defendant's right to pursue her claim for a portion of the plaintiff's military retirement was not

extinguished by the plaintiff's discharge in bankruptcy.

i. The plaintiff was not receiving retirement payments during the entirety of his Bankruptcy Payment Plan.

j. The military pension of plaintiff was a per se marital property asset without any defensible argument to the contrary.

k. The Public Policy associated with the entitlement to, and ultimate division of Military Retirement is an appropriate shield to the efforts of avoiding an equitable apportionment thereof by the use of the Bankruptcy Code.

l. The parties stipulated and the court finds [50%] of the marital portion of Plaintiff's military pension is [34.3%].[1]

. . .

CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and of the subject matter herein.

2. The defendant has a martial property right in the plaintiff's military retirement, and this right is not held in the nature of a creditor's claim.

3. The defendant's right to prosecute her claim for a portion of the plaintiff's military retirement has not been lost by virtue of the plaintiff's discharge in bankruptcy.

4. The monies paid to and thru the bankruptcy court is a distribution factor for the court to consider.

---

[1] The parties stipulated as to the mathematical calculation of what 50% of the "martial portion" subject to division *would be* if it were subject to an equitable division.

5. No other assets or indebtedness remains subject to this court's jurisdiction.

6. That an equitable division of the marital portion of the plaintiff's military pension is equitable.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. That the plaintiff's motion to dismiss is denied.

2. That the defendant is hereby awarded [34.3%] of the plaintiff's military pension with payments to begin on [1 November 2020].

3. The court has considered the plaintiff's monetary expenses paid to and thru the bankruptcy court as a distributional factor and awards no arrears; however, arrears since [1 November 2020] shall accrue until entry of this Order and become payable in the amount of $100.00 per month until fully satisfied.

4. This judgment is a final judgment on all issues regarding the issue of Equitable Distribution pursuant to [N.C. R. Civ. P. 54(b)].

On 7 January 2022, plaintiff timely filed and served notice of appeal from the trial court's 8 December 2020 Order. On 13 January 2022, defendant filed and served a notice of cross-appeal from the same Order. Defendant has not filed a brief with this Court.

**II.**

As a preliminary matter, we must discuss whether this Court has jurisdiction to hear plaintiff's appeal. We note the Order appealed addresses fewer than all the parties' claims; defendant's 2012 alimony counterclaim is still pending in the trial

court. Further, plaintiff asserts in his statement of grounds for appellate review, "[a]lthough it is not apparent on the face of the [8 December 2021] 'equitable distribution' Order, it would appear from the colloquy at the [18 August 2020] hearing that the trial court understood that it was entering some species of 'interim distribution' order, pursuant to N.C. Gen. Stat. § 50-20(i1)." Such a distinction does matter for the purposes of appellate jurisdiction because "[i]nterim equitable distribution orders are by nature preliminary to entry of a final equitable distribution judgment and thus are interlocutory." *Hunter v. Hunter*, 126 N.C. App. 705, 707, 486 S.E.2d 244, 245 (1997) (citation omitted). "'[I]nterim' orders entered in the domestic context are not immediately appealable." *Id.* at 708, 486 S.E.2d at 245 (citation omitted).

**A.**

"Generally, there is no right of immediate appeal from an interlocutory order." *Hanna v. Wright*, 253 N.C. App. 413, 415, 800 S.E.2d 475, 476 (2017) (quotation marks and citation omitted). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted). On the other hand, "[a] final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the  trial court." *Id.* at 361-62, 57 S.E.2d at 381 (citations omitted).

Ordinarily, appeal from an interlocutory order is allowed in two instances. To obtain appellate review, "the trial court's order must: (1) certify the case for appeal pursuant to N.C. R. Civ. P. 54(b); or (2) have deprived the appellant of a substantial right that will be lost absent review before final disposition of the case." *Bessemer City Express v. City of Kings Mt.*, 155 N.C. App. 637, 639, 573 S.E.2d 712, 714 (2002) (citing N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) (2001)). Here, plaintiff does not argue the Order appealed affects a substantial right, and the trial court did not certify this case for appeal pursuant to N.C. R. Civ. P. 54(b). *See IO Moonwalkers, Inc. v. Banc of Am. Merch. Servs., LLC*, 258 N.C. App. 618, 627, 814 S.E.2d 583, 589 (Dillon, J., concurring) (citation omitted) ("[T]he plain language of Rule 54(b) requires that the trial court expressly state in the order that it has determined that there is 'no just reason for delay' for it to be properly certified as a final judgment."), *disc. rev. denied*, 371 N.C. 341, 814 S.E.2d 101 (2018).

**B.**

In the absence of a Rule 54(b) certification or a showing that the Order appealed affects a substantial right, "this Court has jurisdiction to review some interlocutory family law orders under North Carolina General Statute § 50-19.1." *Bezzek v. Bezzek*, 264 N.C. App. 1, 4, 824 S.E.2d 865, 867 (2019); *see also* N.C. Gen. Stat. § 7A-27(b)(3)(e) (2021) (allowing for immediate appeal when an interlocutory order or judgment determines a claim prosecuted under N.C. Gen. Stat. § 50-19.1.). Section 50-19.1 provides, in pertinent part:

> Notwithstanding any other pending claims filed in the same action, a party may appeal from an order or judgment adjudicating a claim for absolute divorce, divorce from bed and board, the validity of a premarital agreement as defined by G.S. 52B-2(1), child custody, child support, alimony, or *equitable distribution* if the order or judgment would otherwise be a *final* order or judgment within the meaning of G.S. 1A-1, Rule 54(b), but for the other pending claims in the same action.

N.C. Gen. Stat. § 50-19.1 (2021) (emphasis added). Appellate jurisdiction under section 50-19.1 does not require the appellant to demonstrate the order affects a substantial right, nor does it require the trial court to certify the order for immediate appellate review pursuant to Rule 54(b). *Beasley v. Beasley*, 259 N.C. App. 735, 742, 816 S.E.2d 866, 873 (2018). Thus, plaintiff must demonstrate the trial court's 8 December 2021 Order is a *final* order "adjudicating a claim for . . . equitable distribution . . . ." for this Court to have jurisdiction to hear this appeal. § 50-19.1.

As previously noted, plaintiff raises the issue of whether the trial court intended to enter an interim allocation with a distributive award, or a final judgment on all issues of equitable distribution. Our review of the transcript and the record reveals the written Order from which plaintiff appeals is final for the purposes of equitable distribution, and thus, immediately appealable. The Order states the trial court conducted a full evidentiary hearing "on all remaining issues of equitable distribution." The trial court concluded as a matter of law that "[n]o other assets or indebtedness remains subject to this court's jurisdiction," and declared that "[t]his judgment is a final judgment on all issues regarding the issue of Equitable

- 9 -

Distribution pursuant to [N.C. R. Civ. P. 54(b)]." The trial court did not schedule future proceedings to be conducted on the matter. There is no indication that the Order is temporary or subject to change, or that there is anything remaining to be judicially determined on the issue of equitable distribution. Therefore, we have jurisdiction to review this final equitable distribution Order pursuant to N.C. Gen. Stat. §§ 7A-27(b)(3)(e) and 50-19.1.

## III.

We now turn to address plaintiff's sole issue presented on appeal: whether the trial court erred by entering an equitable distribution order after plaintiff's discharge in bankruptcy.

"In 1981, our legislature provided a framework for the equitable division of marital property upon divorce by enacting the Equitable Distribution Act, now codified as N.C.G.S. §§ 50-20 and 50-21." *Armstrong v. Armstrong*, 322 N.C. 396, 400-01, 368 S.E.2d 595, 597 (1988) (citation omitted). In 1982, the United States Congress passed the Uniformed Services Former Spouses Protection Act ("USFSPA"), *codified in part as* 10 U.S.C. § 1408, which "authorized the states, after 25 June 1981, to classify military retirement pay as either marital or separate property and to provide for direct payments to a former spouse who was married to the member for at least ten years while the member performed military service." *Id.* at 401, 368 S.E.2d at 597-98 (citing 10 U.S.C. § 1408(c)(1) (1983)). "In response to this federal enactment, our legislature amended the Equitable Distribution Act to include within its

definition of marital property 'all vested pension and retirement rights, including military pensions eligible under the federal . . . [USFSPA].'" *Id.* at 401, 368 S.E.2d at 598 (quoting N.C. Gen. Stat. § 50-20(b)(1) (1987)); *see also* N.C. Gen. Stat. § 50-20(b)(1) (2021) ("Marital property includes all vested and nonvested . . . military pensions eligible under the federal [USFSPA].").

**A.**

Our standard of review on appeal from a final equitable distribution order is well-settled:

> When the trial court conducts a trial without a jury, the trial court's findings of fact have the force and effect of a jury verdict and are conclusive on appeal if there is competent evidence to support them, even though the evidence could be viewed as supporting a different finding. A trial court's unchallenged findings of fact are presumed to be supported by competent evidence and are binding on appeal. Findings not supported by competent evidence are not conclusive and will be set aside on appeal. By contrast, conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal.

*Reynolds Am. Inc. v. Third Motion Equities Master Fund Ltd.*, 379 N.C. 524, 529, 866 S.E.2d 869, 880-81 (2021) (cleaned up). Additionally, "[t]he division of property in an equitable distribution is a matter within the sound discretion of the trial court." *Cunningham v. Cunningham*, 171 N.C. App. 550, 555, 615 S.E.2d 675, 680 (2005) (quotation marks and citation omitted).

> It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of

discretion. A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason. A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.

*White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citations omitted).

**B.**

Plaintiff effectively challenges the trial court's conclusion of law 3, that "the defendant's right to prosecute her claim for a portion of the plaintiff's military retirement has not been lost by virtue of the plaintiff's discharge in bankruptcy."

It is undisputed that plaintiff was granted a discharge as relief in his Chapter 13 bankruptcy. The debt relating to defendant's equitable distribution claim was provided for by plaintiff's Chapter 13 Plan and was discharged by the bankruptcy court. Plaintiff contends a North Carolina trial court has no mechanism for the involuntary assignment of a portion of a servicemember's military pension to the servicemember's former spouse after a bankruptcy discharge of an equitable distribution claim. Plaintiff asserts the trial court's conclusion of law stands in direct contradiction to the holdings in *Perlow v. Perlow*, 128 B.R. 412 (E.D.N.C. 1991), *Justice v. Justice*, 123 N.C. App. 733, 475 S.E.2d 225 (1996), and *Hearndon v. Hearndon*, 132 N.C. App. 98, 510 S.E.2d 183 (1999), all of which addressed the application of dischargeability proceedings to equitable distribution claims. We disagree.

- 12 -

In *Perlow*, the court reasoned that following a petition for a Chapter 7 liquidation, a bankruptcy trustee acts as "a hypothetical lien creditor and a hypothetical bona fide purchaser of property from the debtor," such that "the vested interests of the [non-filing spouse] in any specific marital property were cut off by the bankruptcy filing." 128 B.R. at 415. Thus, the court determined that "because Ms. Perlow failed to object to Mr. Perlow's discharge or request an exception from the stay in a timely manner, her general unsecured claim for equitable distribution was discharged along with Mr. Perlow's other debts . . . ." *Id.* at 416 (citation omitted). This holding in *Perlow* was expressly relied upon by this Court's decisions in *Justice* and *Hearndon*. The holdings in *Perlow*, *Justice*, and *Hearndon* stand for a general rule that the non-filing spouse's "interests in marital property [are] cut off by the filing of [a] bankruptcy petition where the [non-filing spouse's] rights had not been fixed [pre-petition]." *Perlow*, 128 B.R. at 415.

**C.**

However, plaintiff acknowledges the fly in the ointment, *Walston v. Walston*, 190 B.R. 66 (E.D.N.C. 1995), "upon which the trial court clearly relied as the grounds for its decision." The court in *Walston* acknowledged the reasoning in *Perlow*, but limited this general rule based on the nature of the property at issue. *Walston*, 190 B.R. at 68. Specifically, the non-filing spouse has a "proprietary" interest in a military pension that is not a dischargeable claim. *Id.* at 67. As an opinion of a United States District Court, *Walston* is merely persuasive authority. Nevertheless, *Walston* is

"instructive and must be taken into account, particularly in view of the fact that it is a decision of a federal court interpreting federal bankruptcy law." *Justice*, 123 N.C. App. at 737, 475 S.E.2d at 229 (construing *Perlow*).

The facts in this case align closely with those in *Walston*. In *Walston*, the court addressed the question of "whether Ms. Walston had a specific right to the military pension, or merely a general right to have the marital property distributed through an equitable distribution action." 190 B.R. at 67. The court held:

> [a]s a matter of law, Ms. Walston has a marital property right in the [military] pension, and this right is not held in the nature of a creditor's claim against appellee's estate as defined in 11 U.S.C. § 101(5). Ms. Walston further has a right to prosecute her equitable distribution action, and this right has not been lost by virtue of her former husband's discharge in bankruptcy.

*Id.* In reaching its holding, the court reasoned that "*Perlow* makes sense only when applied to the majority of cases which involve real and personal property," 190 B.R. at 68, "[b]ut *Perlow's* rationale is inapplicable to military pensions." *Id.* "Unlike furniture or other personal possessions, a military pension could not be reached by a creditor in bankruptcy . . . ." *Id.* Therefore, "[t]here is no reason to treat Ms. Walston as a creditor whose rights to this property were discharged by bankruptcy, since none of Mr. Walston's secured creditors could have ever reached this property." *Id.*

"*Perlow's* outcome resulted from Ms. Perlow's failure to file a lis pendens or obtain an execution lien on the personal property." *Id.* (citing *Perlow,* 128 B.R. at 415). "North Carolina law does not authorize the filing of a lis pendens against a

pension, and thus cannot be said to require this step be taken in order to protect pension rights." *Id.* at 69. The court's "holding that marital property rights in a pension are not dischargeable in bankruptcy follows a long line of cases which have reached the same conclusion." *Id.* (citing *Bennett v. Bennett*, 175 B.R. 181, 184 (Bankr. E.D. Pa. 1994)).

In this case, defendant has a proprietary interest in the military pension that survives plaintiff's bankruptcy discharge. Thus, defendant is entitled to prosecute a claim for distribution of that *per se* marital property. *See* N.C. Gen. Stat. § 50-20(b)(1); *see also Walston*, 190 B.R. at 70 ("Mr. Walston's discharge in bankruptcy should have no effect upon the pending state court action for equitable distribution of the military pension."). Defendant's remaining general claim for an equitable distribution is, as stated in open court, "gone." Consistent with both *Perlow* and *Walston*, the trial court accurately concluded in its written Order that "[n]o other assets or indebtedness remains subject to this court's jurisdiction." "Entry of an order herein is more akin to exercising a property right than to collection of a pre-petition debt." *Walston*, 190 B.R. at 69 (cleaned up).

## IV.

For the foregoing reasons, we discern no abuse of discretion in this case.


AFFIRMED.

Judges WOOD and STADING concur.